[No. 19030.   Department One. — September 12, 1893.]

CITY OF SANTA ANA, RESPONDENT, v. T. J. HAR-LIN, APPELLANT.

OPENING OF STREET— CONDEMNATION PROCEEDINGS— NECESSITY OF IMPROVEMENT —ACTION OF CITY COUNCIL— POWER OF COURT. —The action of a city council in ordering the opening of a street, after the steps provided by statute have been taken, and the resolution and ordinance ordering the work have been regularly adopted, is final and conclusive of the necessity of the improvement, and the courts may not adjudicate the question of such necessity in an action or proceeding for condemnation of lands necessary to the improvement.

ID. —BENEFIT OF RAILROAD COMPANY— INSUFFICIENT DEFENSE. —An answer in proceedings by the city to condemn a right of way for the opening of a street, setting forth that the action is instituted upon the motion and at the request and for the benefit of a railroad company, goes to the public character of the use and the necessity for its establishment, and may properly be stricken out as insufficient.

ID. — OFFER OF EVIDENCE — RECORDS OF COUNCIL — INSUFFICIENCY OF RECORD UPON APPEAL — ERROR NOT APPEARING — PRESUMPTION. — A ruling refusing an offer of the defendant upon the trial of proceedings, to condemn a right of way for a street, to introduce in evidence all the proceedings and records of the city council in the matter of the opening of the street, for the purpose of assailing their sufficiency, upon grounds stated, cannot be considered upon appeal where the record upon appeal fails to show in what the proffered evidence consisted. Error must be shown, and in the absence of all showing will not be presumed.

ID. — BONDS TO PAY EXPENSE OF OPENING STREET. — Bonds to the city for the payment of the expense of opening the street are not admissible in evidence in a proceeding by the city to condemn lands for the opening of the street. The mere fact that individuals have subscribed money or given a bond to a city to contribute toward the expense of laying out a street will not vitiate the proceedings, or prove that the land was taken for the accommodation of private persons, and not for public uses.

ID.— PUBLIC USE — DETERMINATION OF LEGISLATIVE DEPARTMENT. —As a general
rule, the legislative department is the source of power to determine what shall
be held to be a public use; and its action on the question is not, except in ex-
treme cases, open to review by the courts.

ID. — USE OF LAND FOR STREETS. —The use of land for public streets in an incor-
porated town is a public use.

ID. — DEFECT OR IRREGULARITY OF PROCEEDINGS OF COUNCIL — PLEADING. — Where
the answer in the condemnation proceedings contains no allegations of any defect
or irregularity in the proceedings of the council to open the street, there is no
issue under which evidence thereof is admissible.

ID. — MEASURE OF DAMAGES — VALUE OF LANDS — AVAILABILITY FOR USE. —In pro-
ceedings for the condemnation of lands the present market value of the land is
the measure of damages, and not its value in use to the owner or to the parties
seeking to condemn it; but its market value must be viewed with reference to
the availability of the land for valuable uses, having regard to the existing busi-
ness or wants of the community, or such as may be reasonably expected in the
immediate future.

ID. — EVIDENCE — INADMISSIBLE QUESTION AS TO POSSIBLE USE. —The question,
"For what purpose could this property be used properly?" is properly excluded
as inadmissible upon the question of value.

ID. — FITNESS FOR PARTICULAR USE. —The peculiar fitness of the land for particu-
lar purposes is an element in estimating its value which may be shown as a
factor in solving the problem of market value, and it is error for the court to
refuse to allow evidence showing the adaptation of the land for a college or for
a school, or for other particular purposes to which it is naturally adapted.

ID. — VALUE FOR PARTICULAR USE. — Witnesses should not be allowed to give their
opinions as to the value of the property for a particular purpose, but should
state its market value in view of any purpose to which it is adapted.

ID. — OFFERS FOR PURCHASE OF PROPERTY. —The general rule in estimating the
market value of property is that it is not competent for the owner to prove
what he has been offered for the property, or what persons looking for similar
property were willing to give for it, and in no case can *bona fide* offers for the
property afford any test of value when not confined to a period near the time at
which the value is to be ascertained.

ID. — LATITUDE OF CROSS-EXAMINATION — DISCRETION. — Great latitude should be
allowed upon the cross-examination of witnesses, for the purpose of testing the
knowledge, judgment, or bias of the witness; and the discretion of the trial
court in allowing questions to be put upon cross-examination should not be
impugned except for abuse.

ID. — OPINIONS AS TO MARKET VALUE — QUALIFICATION OF WITNESSES. — Witnesses
who are not experts in the severe sense of the term, but who show knowledge
and experience as to the value of lands in the neighborhood, should be
allowed to give their opinions as to market value of the lands sought to be
condemned.

APPEAL from a judgment of the Superior Court of Orange
County, and from an order denying a new trial.

The facts are stated in the opinion.

*E. E. Keech,* for Appellant.

*Z. B. West, C. C. Hamilton,* and *James G. Scarborough,* for
Respondent.

SEARLS, C.—The action was brought by the city of Santa Ana, a municipal corporation, to condemn a right of way over certain land of the defendant for the opening of Second Street in said city. The cause was tried by a jury and the damages assessed at two hundred and sixty-seven dollars, for which sum judgment was entered in favor of defendant, as well as a decree that the use of the land for the purposes of a street was a public use and the taking thereof necessary to such use. The appeal is from this judgment and from an order denying a motion for a new trial. The final order of condemnation had not been made when the appeal was perfected.

The first error assigned is founded upon an order of the court striking out from defendant's answer certain allegations to the effect that the action is instituted upon the motion and at the request and for the benefit of the Santa Ana and Westminster Railroad Company, a corporation, for the purpose and benefit of said railroad company. *Mahoney* v. *Spring Valley W. Works*, 52 Cal. 159, and Dillon on Municipal Corporations, sec. 596 (461), 3d ed., are relied upon in support of the alleged error.

Under the act of March 6, 1889 (Stats. 1889, p. 70), the power to order the opening of streets in municipalities, and the method of its exercise, is conferred upon the city council or legislative department of the municipality. Provision is made whereby those interested and objecting to the improvement and to various of the measures for carrying·it out may be heard and their objections passed upon by the council, and when the several steps provided by the statute have been taken and the resolution and ordinance ordering said work have been regularly adopted, the action of the council is final and conclusive of the necessity of the improvement, and the courts may not adjudicate the question of such necessity in an action or proceeding for condemnation of lands necessary to the improvement. (See Stats. 1889, sec. 18, p. 75; *Tehama Co.* v. *Bryan*, 68 Cal. 57; *Butte Co.* v. *Boydstun* [not reported], 11 Pac. Rep. 781; *San Francisco* v. *Kiernan*, 98 Cal. 614.)

The question sought to be raised by the portion of defendant's answer stricken out was one going to the public character of the use and the necessity for its establishment, and as such was properly solvable by the city council.

It follows that the court did not err in striking out that portion of the answer. (*Pasadena* v. *Stimson,* 91 Cal. 238.)

After the resolution of intention passed by the city council, declaring its intention to open and extend Second Street, and the ordinance or resolution providing for the proposed work were introduced in evidence, and plaintiff had rested its case, defendant offered in evidence all the proceedings and records in the matter of opening Second Street, for the alleged purpose of proving:—

1. That the jurisdictional facts required by section 6 of the act of March 6, 1889, had not been proven and did not exist.

2. That there was no street superintendent; that none was ever appointed; that the person attempted to be appointed was not eligible and did not qualify, and that he was at the time of the attempted appointment and pretended service, a member of the board of trustees of the city of Santa Ana.

3. That no publication of notice was ever made as required by section 3 of said act.

Objection was made to the introduction of the record evidence, and sustained by the court, and the ruling is assigned as error.

The statement fails to show in what the proffered evidence consisted, and in the absence of all information as to the contents or character of the evidence offered, we cannot say whether it was material or pertinent to any issue in the case. Error must be shown, and in the absence of all showing will not be presumed.

The bonds of Humphreys and Head, offered in evidence for the purpose of proving that the obligors were bound to pay the expense of opening the street, were properly excluded, as not within the issues. If they established anything in the case, it was that portion of the answer which had been stricken out. The mere fact that individuals have subscribed money or given a bond to a city to contribute toward the expense of laying out a street will not vitiate the proceedings, or prove that the land was taken for the accommodation of private persons, and not for public uses. (*Parks* v. *Boston,* 8 Pick. 218; 19 Am. Dec. 322; *Copeland* v. *Packard,* 16 Pick. 217; *Stilson* v. *Board of Commissioners,* 52 Ind. 213.)

There is no doubt that in many instances of attempted tak-

ing of private property for public uses, it devolves upon the courts to determine whether or not the use is a public use. (*Consolidated Channel Co.* v. *Central Pacific R. R. Co.*, 51 Cal. 269; *Varick* v. *Smith*, 5 Paige Ch. 159; 28 Am. Dec. 417; *Loan Ass'n* v. *Topeka*, 20 Wall. 655.) These, however, are exceptions to a general rule which recognizes in the legislative department the source of the power to determine what shall be held to be a public use, and the action of the legislature on the question is not, except in extreme cases, open to review by the courts. (*Napa Valley R. R. Co.* v. *Napa Co.*, 30 Cal. 437.) That the use of land for public streets in an incorporated town is a public use is true beyond controversy. And when, as under the statute of March 6, 1889, the duty of determining the *necessity* for opening such streets and where as under that statute the official declaration or order opening a street is made *conclusive evidence* of the *necessity therefor*, the field of inquiry, in proceedings for the condemnation of land for such purposes, is confined to comparatively narrow limits.

The answer contains no allegations of any defect or irregularity in the proceedings, and hence there was no issue under which such evidence was admissible. The case of *Los Angeles Co.* v. *San Jose Land etc. Co.*, 96 Cal. 93, involved a like principle with that urged by appellant here, although under a different statute.

The next error assigned relates to the exclusion of evidence offered by defendant to show the uses and purposes to which the land proposed to be taken could properly be applied.

In proceedings for the condemnation of land, the present market value of the land is the measure of damages, and not its value in use to the owner or to the parties seeking to condemn it. By the term "present market value" is meant not what the owner could realize at a forced sale, but "the price that he could obtain after reasonable and ample time, such as would ordinarily be taken by an owner to make sale of like property." (*Little Rock etc. R'y* v. *Woodruff*, 49 Ark. 390; 4 Am. St. Rep. 51.)

In *Boom Co.* v. *Patterson*, 98 U. S. 403, it was said: "The inquiry in such cases must be, what is the property worth in the market, viewed not merely with reference to the uses to

which it is at the time applied, but with reference to the uses
to which it is plainly adapted?—that is to say, what it is
worth from its availability for valuable uses." Again the
court says: "As a general thing, we should say that the com-
pensation to the owner is to be estimated by reference to the
uses for which the property is suitable, having regard to the
existing business or wants of the community, or such as may be
reasonably expected in the immediate future."

The peculiar fitness of land for particular purposes is an ele-
ment in estimating its value which may be shown, and, when it
appears, forms a factor in solving the problem of market value.
(*San Diego Land etc. Co.* v. *Neale,* 78 Cal. 63; 88 Cal. 50; *Spring
Valley W. Works* v. *Drinkhouse,* 92 Cal. 528.) One of the ques-
tions ruled as inadmissible was the following: "For what pur-
pose could that property be used properly?"

No doubt the land in question could be properly used for a
great variety of purposes, but it is not perceived that such fact
would enlighten a jury upon the question of its value. Whether
or not it was adapted to and peculiarily suited for some specific
purpose is quite a different proposition, and testimony was intro-
duced in reference to its qualities, location, surroundings, etc.,
all of which was proper.

The following question was asked by defendant: "What are
the characteristics or qualities of the land, Mr. Palmer, that
renders it suitable for a court-house?" Similar questions tend-
ing to draw out testimony showing the adaptation of the land
for a college, and for the purpose of a school, etc., were put and
ruled out on the objection of plaintiff, and the rulings are assigned
as error.

I am of opinion the court erred in some of these rulings.

The rule as enunciated by Lewis on Eminent Domain, at sec-
tion 479, is as follows:—

"The conclusion from the authorities and reason of the matter
seems to be that witnesses should not be allowed to give their
opinions as to the value of property for a particular purpose,
but should state its market value in view of any purpose to
which it is adapted.

"The condition of the property and all its surroundings may
be shown, and its availability for any particular use. If it has

a peculiar adaptation for certain uses, this may be shown; and if such peculiar adaptation adds to its value, the owner is entitled to the benefit of it.  But when all the facts and circumstances have been shown, the question at last is, What is it worth in the market?"

It will be seen from the foregoing quotation, which is regarded as a correct exposition of the law on the subject, that as to some of the questions seeking to elicit the value of the property, for a specific purpose, the rulings of the court below were correct. It should, however, it is thought, have permitted a full and free investigation as to the adaptability of the land to the varied practical purposes to which it is naturally adapted. (*Central Pacific R. R. Co.* v. *Pearson,* 35 Cal. 247.)  Such proof should be limited to showing the present condition of the property and the uses to which it is adapted, and may not be extended to speculative inquiries as to possible future uses under altered circumstances, which may or may not arise.

There was no error in the ruling of the court excluding an answer to the following question propounded to defendant when testifying as a witness in his own behalf: —

"Q.  Have you ever received offers for this real estate property?"  The witness had just testified that he owned the land described in the pleadings, and had resided there sixteen years. The question as to whether he had received offers for the property was in effect to ask him if he had received such offers at any time in sixteen years.

The general rule in estimating the market value of property is that "it is not competent for the owner to prove what he has been offered for his property (*Central Pacific R. R. Co.* v. *Pearson,* 35 Cal. 247), or what persons who have been looking for similar property were willing to give for it." (*Selma etc. R. R. Co.* v. *Keith,* 53 Ga. 178; Lewis on Eminent Domain, sec. 446. See also *Spring Valley W. Works* v. *Drinkhouse,* 92 Cal. 528.)

A case apparently at variance with the general line of decisions is to be found in *Muller* v. *Southern etc. R'y Co.,* 83 Cal. 240, in which the court held a similar question admissible, saying: "*Bona fide* offers for property afford some test as to its value, and are, we think, admissible," quoting *Harrison* v. *Glover,* 72 N. Y. 451.  The case quoted was not in relation to the market

price of land, but related to a subject so different as to lend no support to the case there under discussion.   If the doctrine of *Muller* v. *Southern etc. R'y Co.* can be upheld, it must be only as an exception to a general rule applicable only in peculiar cases, of which the present is not one.   Again, if the binding force of *Muller* v. *Southern etc. R'y Co.* be admitted, the question put to defendant was improper in not confining the witness to a period near the time at which the value was to be ascertained.

Upon cross-examination, where great latitude is allowed for the purpose of testing witnesses, questions of this character are conceded on all hands to be allowable.   The questions put upon cross-examination of defendant's witnesses and objected to were proper.   Great liberality is properly extended in such cross-examinations, and for the purpose of testing the knowledge, judgment, or bias of the witness the liberality is wisely exercised.   In such cases, and for such purposes, much must be left to the discretion of the trial court and it is only for an abuse of discretion that its action should be impugned.   The witnesses, Pinther, Ames, and Blee, should have been allowed to testify as to the market value of the property.   They were not experts in the severe sense of the term, but showed such knowledge and experience as to values of land in that neighborhood as entitled the defendant to their opinions.   (*Pennsylvania etc. R. R. Co.* v. *Bunnell,* 81 Pa. St. 426 ; *Robertson* v. *Knapp,* 35 N. Y. 92; *Le Roy etc. R. R. Co.* v. *Hawk,* 39 Kan. 638 ; 7 Am. St. Rep. 566 ; *Shattuck* v. *Stoneham etc. R. R. Co.,* 6 Allen, 117; *People* v. *Sanford,* 43 Cal. 32; *San Diego Land etc. Co.* v. *Neale,* 78 Cal. 77.)

For the errors indicated, the judgment and order appealed from should be reversed and a new trial had.

TEMPLE, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order appealed from are reversed and a new trial ordered.

HARRISON, J., DE HAVEN, J.

PATERSON, J., concurring. — I concur, and recommend to the court below for its guide the decision in *San Diego Land etc. Co.* v. *Neale,* 88 Cal. 50, where the whole subject was carefully considered by this court in Bank.