[L. A. No. 3838.  In Bank.—September 20, 1915.]

In the Matter of the Estate of IDA HANCOCK ROSS, Deceased. STATE OF CALIFORNIA, Appellant; G. ALLAN HANCOCK, Executor, Respondent.

APPEAL—FINDINGS—CONFLICTING EVIDENCE.—A finding of fact upon a substantial conflict in the evidence will not be reviewed on appeal.

INHERITANCE TAX—VALUE OF LAND—EVIDENCE—OPINIONS OF WITNESSES.—In the determination of the value of land for the purpose of fixing the amount of the inheritance tax, while the opinions of witnesses qualified by their knowledge of the subject are competent evidence, the witnesses cannot, upon direct examination, be allowed to testify as to the price at which other property in the neighborhood had been actually sold, at or near the time of the death of the decedent. The only part of the examination of the witnesses in which evidence of the prices of particular sales can be admitted is in cross-examination by the opposing party, and such questions can be asked for the purpose of testing the witness' knowledge and impeaching his opinion; nor is the rule any different in this regard in valuing land for the purpose of fixing inheritance taxes from the rule in any other case where value is in issue.

ID.—QUALIFICATION OF WITNESS—FAMILIARITY WITH OTHER PROPERTY.—The party calling a witness to give his opinion on value may qualify him by showing his familiarity with the property and with other property in the neighborhood, his experience in the business, his familiarity with the state of the market and of sales of similar property in the vicinity, and any other facts tending to show his knowledge of the subject and capacity to give an opinion thereon.

ID.—EVIDENCE—COST OF SUBDIVIDING PROPERTY.—In such a proceeding it is not improper to allow the introduction of evidence showing the cost of subdividing the property into lots and improving the same to make them suitable for sale.

ID.—OPINION OF WITNESS—REASONS FOR—WAIVER OF OBJECTION.—In such a case an objection to a ruling of the court refusing to allow expert witnesses, after they had given their opinions as to the value of the property, to state the reasons upon which such opinions were based, is waived, where the record shows that the ruling made upon the examination in chief was not a final one and that, both in the preliminary examination and in the cross-examination of each witness, the reasons for the opinions were fully stated, and where before the close of the trial, opposing counsel withdrew all objections and offered to allow the appellant to recall the witnesses and elicit from them the reasons which formed the bases of their respective opinions, which offer was rejected, and the record indicates that the court would have allowed it.

APPEAL from an order of the Superior Court of Los Angeles County fixing the value of the estate of a decedent for the purpose of declaring the amount of inheritance tax due thereon.    James C. Rives, Judge.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, Robert A. Waring, State Inheritance Tax Attorney, and John W. Carrigan, for Appellant.

Stephens & Stephens, for Respondent.

SHAW, J.—The state of California has appealed from the order of the lower court fixing the value of the estate of said decedent for the purpose of declaring the amount of inheritance tax due thereon.   A tract of land containing over two thousand acres was valued by the court, for that purpose, at three million three hundred and fifty thousand dollars.   It is this valuation which the appellant seeks to overthrow.

The appellant first claims that the valuation is lower than was authorized by the evidence.   It is unnecessary to cite authorities to the rule that a finding of fact upon a substantial conflict in the evidence will not be reviewed on appeal. There was substantial evidence to sustain even a lower valuation than that made by the court below.

Other objections of the appellant relate to the rulings of the court below at the trial, concerning the admission and rejection of evidence offered by the parties.

As is usual in such cases, the evidence of both parties consisted almost entirely of opinions of persons familiar with values of similar property in the vicinity of the land.   To support its claim of value the state called divers witnesses to testify to their opinions regarding the same.   In examining them in chief as to their familiarity with land values in that neighborhood, counsel for the state sought to prove by them the prices at which other property in the neighborhood had been actually sold, at or near the time of the death of the decedent.   Upon the objection that this was incompetent at that stage of the examination, the court refused to allow this testimony.   The rule in this state is well established and it fully sustains the action of the court below.   It was thus

CLXXI Cal.—5

stated in the early case of *Central Pac. R. Co.* v. *Pearson,* 35 Cal. 262:

"But, while the opinions of witnesses thus qualified by their knowledge of the subject are competent testimony, they cannot, upon the direct examination, be allowed to testify as to particular transactions, such as sales of adjoining lands, how much has been offered and refused for adjoining lands of like quality and location, or for the land in question, or any part thereof, or how much the company have been compelled to pay in other and like cases—notwithstanding those transactions may constitute the source of their knowledge. If this was allowed, the other side would have a right to controvert each transaction instanced by the witnesses and investigate its merits, which would lead to as many side issues as transactions and render the investigation interminable."

This rule has been repeatedly followed and approved. (*Clark* v. *Willett,* 35 Cal. 544; *Santa Ana* v. *Harlin,* 99 Cal. 544, [34 Pac. 224]; *Spring Valley. W. W.* v. *Drinkhouse,* 92 Cal. 532, [28 Pac. 681]; *de Freitas* v. *Suisun,* 170 Cal. 263, [149 Pac. 553].) The statement to the contrary in *Miller* v. *Southern etc. Co.,* 83 Cal. 243, [23 Pac. 265], was directly disapproved in *Santa Ana* v. *Harlin,* 99 Cal. 544, [34 Pac. 224]. The only part of the examination of the witnesses in which evidence of the prices of particular sales can be admitted is in cross-examination by the opposite party. Such questions can there be asked for the purpose of testing the witness' knowledge and impeaching his opinion. The rule has long been considered as settled, and the fact that but few recent decisions mention the subject does not show that the earlier decisions are *dicta,* or that they are unsound, but that the bar and bench throughout the state have usually acquiesced therein, so that it has not been necessary for this court to restate the doctrine, except in a few cases. We are not favorably impressed with the appellant's argument that a different rule should now be initiated, applicable only in proceedings to value land for the purpose of fixing inheritance taxes. The question is precisely the same as in any other case where value is in issue, and we perceive no reason for creating confusion by the making of different rules of evidence on the same subject for different kinds of cases. The party calling a witness to give his opinion on value may qualify him by showing his familiarity with the property and with other

property in the neighborhood, his experience in the business, his familiarity with the state of the market and with sales of similar property in the vicinity, and any other facts tending to show his knowledge of the subject and capacity to give an opinion thereon. But while the fact that he knows of sales made and of the prices obtained may be elicited, the prices given in any particular instance are not admissible, except as stated, on the cross-examination of the opposing party, if he sees fit to make the inquiry. The reasons for this are fully set forth in the cases cited and it is unnecessary to repeat them. We find nothing in *San Luis Obispo* v. *Brizzolara*, 100 Cal. 434, [34 Pac. 1083], or in *Montgomery* v. *Sayre*, 100 Cal. 186, [38 Am. St. Rep. 271, 34 Pac. 646], against this rule. On the contrary, the Brizzolara case reaffirms the rule and cites the cases above mentioned in support thereof. The statement in the opinion that such evidence had been held admissible upon examination in chief, manifestly referred to decisions of other states. The Montgomery case declares, at most, that the allowance of such questions is within the discretion of the court, and that a judgment or order may be reversed only for abuse of discretion in this respect, but the matter was said to be of slight importance and was evidently not thoroughly considered. Even if that rule be followed, the ruling of the court complained of would be within its discretion under the circumstances shown in this case. There is, it is true, a decided conflict of authority upon this proposition, but the rule in this state and the proper mode of examination are so well settled that counsel should have no difficulty either in following the rule or in eliciting from an expert witness, upon his examination in chief, sufficient of the facts within his knowledge to show the degree of his qualifications and the basis of his opinion.

The further objection is made that the respondent was improperly allowed to introduce evidence showing the cost of subdividing the property into lots and improving the same to make them suitable for sale. We do not perceive that there was any error in this, but we cannot determine anything concerning it because the appellant failed to print the portions of the record relating thereto.

Appellant states that his chief ground of appeal is the ruling of the court below refusing to allow its expert witnesses, after they had given their opinion as to the value of this prop-

erty, to state the reasons upon which such opinion was based. The record shows that the ruling excluding the testimony of such reasons, upon the examination in chief, was not a final one and that, both in the preliminary examination and in the cross-examination of each witness, the reasons for his opinion were fully stated. But we find it unnecessary to determine the point, for, in effect, the objection was waived by the following conduct. Before the close of the trial, counsel for respondents withdrew all objections of this character and offered to allow the appellant to recall the witnesses and elicit from them fully the reasons and bases of their respective opinions, to which offer counsel stated that, while they thanked opposing counsel for the splendid offer, they preferred to stand upon the record as made. If counsel truly desired to have further evidence upon this subject introduced, they should have availed themselves of this opportunity and should have recalled the witnesses accordingly. It does not appear that there would have been any difficulty in doing so, or that the court refused to allow it to be done. The record indicates that the court would have allowed it. If, on the other hand, they desired to preserve the ruling in the record for the purpose of thereby securing a ground upon which to obtain a new trial, or reverse the order on appeal to this court, it need scarcely be said that we will not entertain the objection under those circumstances. In either alternative the objection must be deemed to have been effectually waived. (*Kahn* v. *Triest-Rosenberg Cap Co.*, 139 Cal. 346, [73 Pac. 164]; *Mitchell* v. *Davis*, 23 Cal. 384.) No other objections are made which we deem worthy of consideration.

The order appealed from is affirmed.

Sloss, J., Lorigan, J., Melvin, J., Lawlor, J., and Angellotti, C. J., concurred.