[Civ. No. 536.   Fourth Appellate District.—March 28, 1932.]

FRANK BRYSON, Administrator, etc., Respondent, v. A. F. LUSE, Appellant.

Rupert B. Turnbull for Appellant.

J. L. Murphey for Respondent.

LAMBERT, J., *pro tem.*—Carrie E. Caunter, now deceased, brought this action for the purpose of annulling a deed and an assignment of a contract to purchase, covering certain property in Los Angeles, California, on the grounds of fraud and forgery of deed and assignment, also to annul a deed to defendant and appellant herein, covering 160 acres of land in Hale County, Texas, on the grounds of fraud and lack of consideration.

The action was brought against A. F. Luse, W. T. Blalock, Jennie M. Blalock and Rae L. Everest. The court made elaborate findings of fact and conclusions of law, and entered judgment against all the defendants other than Luse as to the Los Angeles County property and against A. F. Luse as to the property in Texas.

We are concerned on this appeal only with the appeal of the appellant Luse from the judgment affecting him as to the property in Texas. All the defendants filed notices of appeal, but Luse appealed separately from the judgment as to him, and the appeal of the other defendants, apparently, has never been presented. The plaintiff died pending this appeal and Frank Bryson, administrator of her estate, has been substituted as plaintiff and respondent, in her place. The evidence and the finding show that appellant Luse obtained a deed from the plaintiff for 160 acres of land in Hale County, Texas, of the value of $35 per acre, on the false promise to convey her certain other lands in Texas. What he actually gave her was an assignment of an oil and gas lease which required her to perform onerous covenants. The lease was more of a liability than it was an asset. The original judgment of the court as to Luse was entered on July 6, 1928, and read:

"It is further ordered, adjudged, and decreed that the deed made by the plaintiff, Carrie E. Caunter, to the defendant, A. F. Luse for the 160 acres of land in the county of Hale, State of Texas, and described as follows, to-wit, 'The N. W. ¼ of Survey No. 31, Block A, Certificate 294, E. L. & R. R. Ry. Co., situate in the County of Hale, State of Texas', is hereby cancelled and made void and of no effect; and that the defendant A. F. Luse reconvey the said property to the plaintiff within ten (10) days from the entry of this judgment, and that the said conveyance shall contain a recital that the said property is free and clear from any conveyance of the same by the said defendant, and free and clear of any and all liens that may be existing upon the same, or any part thereof, made or suffered to be made by the said defendant A. F. Luse; and if, for any reason, the said defendant A. F. Luse cannot convey the same to the plaintiff, and give her a good, free and unincumbered title to the same, plaintiff shall have judgment against the said defendant A. F. Luse in the sum of Five thousand six hundred dollars ($5,600.00), with interest on the same at the rate of seven per cent (7%) per annum from this date; and that plaintiff have execution for the collection of same.

"It is further adjudged and decreed that this case be kept open for the purpose of making any further order herein relating to the said Texas land, and for the collection of the value thereof, said Five Thousand Six Hundred Dollars ($5,600.00) . . . "

On October 5, 1928, the court, after due notice, entered what was denominated "Order amending judgment". This document, after reciting the terms of the judgment of July 6, 1928, hereinbefore set forth, was as follows:

"And it further appearing to the court that the said defendant A. F. Luse has not complied with the terms of said judgment, in any manner, but has wholly failed to convey the said land in Hale County, Texas, to the plaintiff herein; and

"It further appearing to the court that the said A. F. Luse, together with his wife, Mary E. Luse, conveyed the said land to C. A. Cantrell and his wife, Ada Cantrell, for the sum of Four Thousand Dollars ($4,000.00), by a deed dated at Los Angeles, California, on the 8th day of March, 1928, which deed was filed for record on March 14, 1928, and

recorded on the 20th day of March, 1928, by the clerk of said County of Hale, State of Texas, in Volume 87, page 306, Deed Records of Hale County, Texas; and

"The court, being fully advised in the premises, does hereby order that said judgment be amended, and that the following be added thereto:

"That the plaintiff, Carrie E. Caunter, have judgment against the defendant A. F. Luse in the sum of Five Thousand, Six Hundred ($5,600.00) Dollars, with interest thereon at the rate of seven per cent (7%) per annum from the 30th day of June, 1928; and that she have execution therefor, including the costs of this action."

The notice of appeal of appellant herein was served and filed on October 15, 1928. Respondent raises the point that we should not consider this appeal for the reason that the judgment was not amended by the order of October 4, 1928, and hence the appeal was taken too late. It is not necessary to decide whether the judgment was amended or not, for if it was not, then the order of October 4, 1928, was an order made after judgment and is probably appealable under section 963, Code of Civil Procedure. At all events, we shall dispose of the case on the merits.

The appellant relies for a reversal of the judgment solely on two errors of the court in ruling on the admission and rejection of evidence, the assignments being specifically that the court permitted the witness Switzer to testify to the value of the land in Hale County, Texas, when he was not qualified to give his opinion, and refused to permit the witness Haas to testify as to the market value of the oil lease assigned to plaintiff, at the time it was assigned, for the reason that he was not qualified, when he was in fact qualified.

Neither appellant nor respondent has favored us with any authorities on the subject. However, the rule is clearly stated in the *Estate of Ross*, 171 Cal. 64, at 66 [151 Pac. 1138, 1139], as follows: "The party calling a witness to give his opinion on value may qualify him by showing his familiarity with the property and with other property in the neighborhood, his experience in the business, his familiarity with the state of the market and with sales of similar property in the vicinity, and any other facts tending to show his knowledge of the subject and

capacity to give an opinion thereon. But while the fact that he knows of sales made and of the prices obtained may be elicited, the prices given in any particular instance are not admissible, except as stated, on the cross-examination of the opposing party, if he sees fit to make the inquiry.''

█ In determining whether or not a witness is qualified to testify as an expert, the trial court is allowed a wide discretion. (*Howland* v. *Oakland C. Street Ry. Co.*, 110 Cal. 513 [42 Pac. 983]. We think the witness Switzer was qualified to give his opinion on the value of the land. However, there was other evidence from which it could easily be inferred that plaintiff's land was worth $35 an acre. In *Elliott* v. *Federated F. & V. Growers, Inc.*, 108 Cal. App. 412, at 416 [291 Pac. 681, 682], it is said: ''The Appellate Court must accept as true all evidence tending to establish the correctness of the finding as made, taking into account as well all inferences which might reasonably have been thought by the trial court to lead to the same conclusion.''

█ However, the exclusion of the testimony of the witness Haas on the ground that he was not qualified, was clearly erroneous, for under the rule as stated in the *Estate of Ross, supra,* he was well qualified to give his opinion, but we may not reverse the judgment for an error unless it is so prejudicial as to result ''in a miscarriage of justice''. (Sec. 4½, art. VI, Const.) We think the error was harmless. Plaintiff under the findings and evidence was entitled to her land back. The appellant Luse, in his answer, admitted that he held the land that he obtained from plaintiff. The plaintiff not having received what she bargained for by reason of appellant's fraud, and having offered to return the lease, was entitled to a reconveyance of her land, that is, to be restored to her original position. (*Paolini* v. *Sulprizio*, 201 Cal. 683, at 685 [258 Pac. 380].) Therefore, the value of the lease, at the time of its assignment, became immaterial. This lease had no value at the time of the trial. Furthermore, the appellant Luse was a trustee under the evidence in this case and held the land in Hale County, Texas, for the benefit of plaintiff. Section 2223 of the Civil Code provides: ''One who wrongfully detains a thing is an involuntary trustee thereof, for the benefit of the owner.''

And section 2224 provides: "One who gains a thing by fraud, accident, mistake, undue influence, the violation of a trust, or other wrongful act, is, unless he has some other and better right thereto, an involuntary trustee of the thing gained, for the benefit of the person who would otherwise have had it."

By the judgment of the court the appellant was required to reconvey the land or pay the plaintiff its value. This was proper. We have consumed considerable time and labor in going over the record in this case. It is not necessary to follow the appellant through all the ramifications of his nefarious transactions. Sufficient it is to say that the judgment is amply supported by the facts and the law.

The judgment appealed from is affirmed.

Barnard, P. J., and Marks, J., concurred.