[Civ. No. 14641.   Second Dist., Div. One.   Aug. 1, 1945.]

ROSA T. REMMERS, Respondent, v. JOE CICILIOT et al., Appellants.

Julius V. Patrosso for Appellants.

Clark & Morgan for Respondent.

THE COURT.—This is an appeal by defendants from a judgment rendered in favor of plaintiff in an action for specific performance of an agreement for the exchange of real property. The following grounds are urged in support of a reversal of the judgment:

"1. The evidence does not support the trial court's finding that the properties of the respondent and of the appellants were of equal value or its conclusion that the consideration was adequate to the appellants and the contract just and reasonable as to them;

"2. The findings do not support the judgment in that the trial court failed to make findings upon the issues raised by the pleadings (a) as to the respective values of the properties of the respondent and the appellants, and (b) as to the representations made by respondent to appellants as to the cost or value of her property;

"3. The judgment, while compelling a full performance by the appellants, does not require like performance by the respondent."

This is the second trial of the instant cause, a judgment in favor of appellants as a result of the first trial having been

reversed on the ground of insufficiency of the findings to support the judgment. (*Remmers* v. *Ciciliot*, 59 Cal.App.2d 113 [138 P.2d 306].)

On July 29, 1941, the parties to the instant action met at respondent's property located at Monrovia, and entered into a contract whereby it was agreed that appellants would exchange their parcel of improved real property situate at Pomona, free of incumbrance, and $100 in cash, for respondent's parcel of real property at Monrovia, improved with a building then used as a bakery and the fixtures and equipment therein contained, said property being subject to a trust deed for $2,500. A memorandum in the form of a receipt was executed and an escrow opened at a bank to effect the proposed exchange, the parties signing the escrow instructions substantially in accordance with the terms of the memorandum, except that in addition to the $100 cash payment therein provided to be paid by appellants, they also agreed to pay an additional $150 which was deposited with the escrow agent at the time the instructions were executed.

Thereafter, to wit, on September 25, 1941, and before the escrow was closed, appellants served notice of cancellation and rescission of the exchange agreement upon respondent and demanded the return of the sum of $250 theretofore paid by them, upon the ground that respondent had made material misrepresentations to them concerning her property.

On September 30, 1941, respondent filed her complaint for specific performance of the agreement of exchange. Appellants answered, admitting the execution of the agreement and alleging that they had been induced to enter therein by fraudulent representations to the effect that the respondent's property had cost her $6,000, and had a cash market value of that amount; that it was under lease to one Voltura for a five-year term at a rental of $40 per month for the first year, $45 per month for the second year and $50 per month for the remainder of the term, and that said Voltura was financially responsible; whereas, in fact, Voltura had no financial responsibility, was merely acting as agent and dummy for respondent, and was posing as her lessee to enable her to dispose of the property. It was also alleged that the exchange was unjust, unfair, unreasonable and inadequate; that said properties were not of equal value and that the consideration for such exchange was inadequate as to appellants.

When the cause came on for trial, respondent was permitted to file an amended complaint adding: (1) an allegation to the effect that she was still ready and willing to exchange her Monrovia property in accordance with the exchange agreement, and (2) a new paragraph, to wit: ''That the property owned by defendants at Pomona was and is the fair and reasonable value of the equity of the property owned by plaintiff at Monrovia. That the Pomona property was and is of the value of approximately $2800.00, and the value of the Monrovia property owned by plaintiff was and is of the value of approximately $5500.00 and that the consideration for the said exchange was thereby just, reasonable and adequate to the defendants.''

The trial court found in favor of respondent in that the agreement for the exchange of the properties of the respective parties was executed as alleged; that appellant on September 25, 1941, served upon respondent a notice of rescission; that respondent had performed all of the conditions of the agreement upon her part to be performed and that appellants had refused to complete the transaction; that the agreement for the exchange and the escrow instructions were signed by the parties after each had inspected the property of the other; that appellants up to the time that they discovered that Voltura (lessee of respondent's property) had assigned his lease ''were satisfied with the exchange and agreeable thereto and had no complaint as to the exchange''; that ''it is not true that the agreement of exchange between plaintiff and defendants was fraudulently had or induced or obtained by deceitful or false or fraudulent representations made by plaintiff to the defendants; that it is not true that the plaintiff represented to the defendants that her property had cost $6,000.00 or was of the cash market value of $6,000.00 or that plaintiff represented to defendants that the tenant S. J. Voltura was financially responsible; that it is not true that S. J. Voltura was a dummy or agent of Rosa T. Remmers or that she executed the lease to him merely posing as her lessee for a sufficient length of time to exchange her property with the defendants, and it is not true that said property was bringing in no income or that it had not brought in any income during the term of said lease.

''It is not true that defendants were misled or deceived by plaintiff through any representations by plaintiff to enter

into said agreement, and it is not true that plaintiff signed the escrow instructions under any misrepresentations at all. . . .

"The court finds that it is not true that said exchange of properties was unjust or unfair or unreasonable or inadequate, and it is not true that said properties were not of equal value as far as the equities of the exchange, but it is true that they were of equal value and it is true that on or about September 25, 1941, the defendants served a notice of cancellation and rescission on the plaintiff that they had cancelled said agreement and demanded the return of their property that they had placed in said escrow and demanded the return of their deed, but the court finds that said notice was without justification and has no legal effect."

Appellants urge that "before a decree of specific performance may be entered it must affirmatively be made to appear that the consideration for the contract is adequate. Moreover, not only must this fact be established by competent evidence, but in order to sustain a judgment decreeing specific performance, there must be a finding of *facts* from which it appears that the consideration was adequate *as to the defendant.* In the absence of such evidence or finding, a decree of specific performance cannot be sustained." (Emphasis included.)

Over the objection of appellants, respondent in an effort to establish the market value of the properties covered by the exchange agreement introduced in evidence certified copies of the assessment roll of the county of Los Angeles for the year 1941 showing the assessed value of the properties in question. In overruling appellant's objection to the admission of this evidence, the trial court stated: "The court will take judicial notice of the fact that the valuations fixed by the assessor are a certain percentage of the actual value." The valuation placed upon the property by the assessor is not evidence of market value. (*Yolo Water & P. Co.* v. *Edmands,* 50 Cal.App. 444, 450 [195 P. 463].)

Eliminating the assessor's record above referred to, the evidence respecting the value of appellants' property consists of the testimony of M. C. Trautwein and H. N. Wood. Mr. Trautwein testified that he had lived in Pomona for 22 years and had been engaged in the real estate business for a period of eight years; that he was familiar with appellants' property and had appraised it in 1941; that he dealt in Pomona property and had sold property in that vicinity; that he was familiar with values in that locality, and in his opin-

ion $2,500 was the fair and reasonable market value of appellants' property as of July, 1941.

Mr. Wood, real estate broker and auctioneer, over the objection of appellants that "there is nothing shown that this man made any inquiry as to sales in that vicinity" was permitted to testify that in his opinion the value of the Pomona property was between $2,000 and $2,500.

With respect to the value of respondent's property, Mr. Wood testified upon cross-examination that he sold the Monrovia property to respondent at an auction sale some four to six weeks before the exchange went into escrow for $300 subject to a mortgage of $2,500.

Mr. Roy A. Watts, a resident of El Monte, a real estate broker and builder, testified that he had been employed as an appraiser by the real estate department of Southern California Builders, a loan association, from May, 1933, to October, 1937; that for ten months prior to October, 1943, he had been leasing conversion units in California, Arizona and Wyoming for the Home Owners' Loan Corporation, and was familiar with the respondent's property in Monrovia, which he had inspected in June of 1941. This witness was permitted to give his opinion as to the value of this property over the objection of appellants that he had "not shown himself familiar with the value of property in that particular vicinity at the time of the transaction in 1941," because he testified that his estimate of value was "based purely on the fact of the physical conditions of that particular piece of property, the size of the lot, and the character of construction"; the "locality and surrounding territory" and "not on any personal knowledge of sales in that immediate vicinity in Monrovia." His estimate of the value of said property was given as $5,504.80.

Mr. C. H. Clark, who had been engaged in the real estate business, loans and insurance, for a period of thirty-five years at Monrovia, maintaining offices a block from respondent's property, testified that the value thereof was $2,800 as of July, 1941.

Mr. Bell, the owner of property adjoining that of respondent, testified he had been familiar with respondent's property over a period of ten years, and that "$1,500 would be a big price for it."

The foregoing testimony was supplemented by photographs of the respective properties introduced in evidence, and by descriptions thereof given by the witnesses.

In *De Freitas* v. *Town of Suisun City,* 170 Cal. 263, 266 [149 P. 553], is stated the procedure by which the value of property may be proved: "By preliminary questions the examiner should elicit facts relating to the qualifications of the witnesses, for example, that he has seen and examined the land, or that he knows something of its character and condition, or the market values of land in that vicinity, if such values have been established, or the values of land similarly situated, and the like. He may, thereupon, be asked to give his opinion of its values. . . ."

Again in *Estate of Ross,* 171 Cal. 64, 66 [151 P. 1138], it was stated with respect to this subject: "The party calling a witness to give his opinion on value may qualify him by showing his familiarity with the property and with other property in the neighborhood, his experience in the business, his familiarity with the state of the market and with sales of similar property in the vicinity, and any other facts tending to show his knowledge of the subject and capacity to give an opinion thereon."

Tested by the principles of law just enunciated, the evidence respecting market value of the two properties was competent, hence the trial court was justified in finding that the two pieces of property were of equal value. Moreover, on the question of inadequacy of consideration, it appears from the record that appellants in exchange for their property which had a maximum value of $3,000, plus $250 in cash, were to receive, subject to a mortgage for $2,500, a piece of property improved with a building containing bakery equipment which had a value of at least $750.

An examination of the entire record discloses evidence establishing that the exchange agreement here in question is just and reasonable as to both parties thereto; that the consideration therefor is adequate to appellants and that their consent thereto was given freely and was not induced by fraudulent representations of the respondent. In this state of the record, the judgment decreeing specific performance is amply supported.

This rehearing of the instant cause was granted by the court of its own motion, because, in order to avoid misunderstanding, it is deemed advisable to eliminate from the decision heretofore filed (159 P.2d 77) certain dicta which expressed rules of law as they existed prior to the enactment of section 1872 of the Code of Civil Procedure, added by Stats. 1937,

p. 1606, and which rules were unfortunately quoted with approval in the cases of *Thompson* v. *Stoakes* (1941), 46 Cal. App.2d 285, 293 [115 P.2d 830], and *United States* v. *Certain Tracts of Land in Los Angeles Co.* (1944), 57 F.Supp. 739, 740.

Appellants also urge that the judgment is erroneous because while it requires full performance by appellants, it does not require respondent to convey to appellants the personal property and bakery equipment described in the exchange agreement. Respondent argues that the judgment is sufficient in form, but if insufficient, may be modified.

Accordingly, the trial court is directed to require respondent to execute and deliver to appellants a bill of sale for the personal property described in the exchange agreement, and as so modified, the judgment is affirmed.