[Civ. No. 27508. Second Dist., Div. Four. Jan. 14, 1964.]

COUNTY OF LOS ANGELES, Plaintiff and Respondent, v. STEVE E. ANTHONY, Defendant and Appellant.

Paul Hill for Defendant and Appellant.

Harold W. Kennedy, County Counsel, and Thomas W. Stoever, Deputy County Counsel, for Plaintiff and Respondent.

KINGSLEY, J.—This is an appeal by Steve E. Anthony from a judgment in a condemnation action awarding him $11,750 for his one-half interest in property condemned for the erection of the Hollywood Motion Picture and Television Museum.

On January 9, 1962, the Board of Supervisors of Los Angeles County adopted a resolution determining that public necessity required the acquisition of defendant's property, among other parcels, as the site for the Hollywood Motion Picture and Television Museum. The county then invoked condemnation proceedings against appellant and others to condemn fee simple title in such property.

We are concerned on this appeal only with the proceedings relating to the acquisition of appellant's interest in one parcel.

The chief point raised by appellant is that he was improperly prevented from showing that his property was to be taken for other than a public use. In his answer to the complaint, he alleged; ''That the purpose for which the said land is to be taken by eminent domain is not for a public use, but contrary is a private purpose to cause ownership of land to be taken from private ownership of land to be taken from

private owners [*sic*] and turned over to other private persons for their profit, and that any public benefit to accrue from the said Museum is merely incidental thereto.'' At the trial, appellant made the following offer of proof;[1] ''... They [the Hollywood Museum Association] have entered into agreements with the County of Los Angeles whereby they are having a separate independent leasing corporation, leasing out prospective space in this so-called museum.

''They are also engaging building contractors for the purpose of erecting this building upon this County ground, and it is my intent and purpose to prove that the Hollywood Museum is merely a front of some kind under the guise of eminent domain and under the guise of a public body to put up a private enterprise to be used for the next 30 years, and this separate income is to go into these various corporations that are going to build this building, run this museum, run the restaurant, and run other concessions within the building for a profit which the County does not participate in.''

The trial court refused to permit testimony of the issue of public use, ruling that the existence of public use was shown as a matter of law. The trial to the jury was only on the issue of damages. Appellant, relying on *People* v. *Nahabedian* (1959) 171 Cal.App.2d 302 [340 P.2d 1053], urges this action as error.

It is, of course, too well settled to require citation that property cannot be taken by condemnation unless such taking is for a public use. Consequently, we are faced with two questions; (1) is a motion picture and television museum a ''public use''; and (2) did appellant's pleading and offer of proof adequately raise an issue as to the existence of such a use in this case.

Section 25351.3 of the Government Code, as it read at the time this condemnation proceeding was instituted, in part provided; ''In addition to its other powers and duties the board may:

''(a) Acquire land for and construct, lease, sublease, build, furnish, refurnish or repair buildings for ... motion picture and television museums, and related facilities as places of

---

[1]Respondent points out that the offer of proof did not come until proceedings before the jury had begun and that, if admissible at all, such evidence was for the judge and not for the jury. However, the offer was not rejected on that ground and we consider the offer, as did the trial court, as an amplification and specification of the general language of the answer.

public assembly for the use, benefit and enjoyment of the public...."

■ As a general rule, the legislative department is the source of power to determine what shall be held to be a public use; except in extreme cases, its action on the question is not open to review by the courts. (*City of Santa Ana* v. *Harlin* (1893) 99 Cal. 538, 542 [34 P. 224]; *Consolidated Channel Co.* v. *Central Pacific R.R. Co.* (1876) 51 Cal. 269; 28 So.Cal.L.R. 369, 380-381.) ■ In this case the legislative determination that a motion picture and television museum is for public uses and purposes, not being unreasonable, is binding and conclusive on this court.

■ However, while a legislative determination as to what is a public use, if not unreasonable, is binding upon the courts, such a determination does not preclude a person whose land is being condemned from showing at trial, that as a matter of fact, the actual use of the land will be subserved for private rather than public purposes. (*County of San Mateo* v. *Coburn* (1900) 130 Cal. 631 [63 P. 78, 621]; *Stratford Irr. Dist.* v. *Empire Water Co.* (1941) 44 Cal.App.2d 61 [111 P.2d 957].)

■ The issue before us is whether the leasing of this property to private individuals to run the museum, hopefully at a profit, constitutes a taking for private rather than public use?

This contention has been answered by *Redevelopment Agency* v. *Hayes* (1954) 122 Cal.App.2d 777 [266 P.2d 105], where the court stated (at pp. 803-804) : ". . . there have been two different interpretations of 'public use' in this country, one the broader meaning of 'public utility or advantage,' the other narrower one of 'use, or right of use, by the public,' . . . In California our courts have followed the broader definition of 'public use' and the cases hereinbefore cited have held that if property is taken for a public use, the fact that it is later to be returned to private ownership subject to restrictions protecting the public use, does not make it any the less a public use. . . . Once it is determined that the taking is for a public purpose, the fact that private persons may receive benefits is not sufficient to take away from the enterprise the characteristics of a public purpose."

■ It will be noticed that appellant's offer of proof does not contravene the fact that the museum here involved is one that will serve a public purpose, but claims only that certain persons will make a profit from its operation. Under the Cali-

fornia view of "public use" this offer of proof was properly excluded.

Appellant's reliance on *People* v. *Nahabedian, supra* (1959) 171 Cal.App.2d 302, is misplaced. In *Nahabedian,* the State of California, through its Department of Public Works, instituted condemnation proceedings to acquire certain property for state highway purposes. At trial, defendant sought to prove that the real purpose of the state's condemning his property was to lease it to Walt's Auto Park for private purposes without any relation to the highway project. Here, appellant does not controvert the fact that his property will be used for the Motion Picture and Television Museum; only that such museum will be run by private individuals who will derive a profit from its operation. As stated previously, this factor alone does not discount or negate the fact that the taking of appellant's property is for the uses stated in the complaint for condemnation, which use the Legislature has declared to be a public one. As the trial court stated, if the alleged contract by the county for construction, operation and maintenance of the museum violates any provisions of law or of the Constitution, appellant's remedy is in an action attacking that contract and not in an attempt to defeat a proper acquisition of land for a valid public purpose.

 Appellant also contends that "the trial Court abused its discretion by ruling out evidence pertaining to the classification and the type of the real property of said defendant and appellant, or the true value thereof, based upon its best use, whereby the Jury was guided or misled as to the relative or actual and/or comparable value of defendant's premises in comparison to the value of the land immediately adjacent and in close proximity thereto." We are not required to consider a point made in such general terms, without reference to the record, citation of authority or elaboration. (3 Witkin, Cal. Procedure, Appeal, § 150.)

Subsequent to the entry of the interlocutory judgment of condemnation, the county secured an order for immediate possession, purportedly pursuant to section 1254 of the Code of Civil Procedure. Appellant thereafter filed in this court his petition for a writ of supersedeas to stay the effect of that order pending this appeal. We granted a temporary stay pending our further consideration of the entire matter. In *Housing Authority* v. *Superior Court* (1941) 18 Cal.2d 336 [115 P.2d 468], the Supreme Court held that the grant or

denial of an order for immediate possession lay within the discretion of the trial court, saying (at p. 340); "... the court to which the application for possession is addressed must be deemed to be in the best position to judge in the first instance whether the defendants would be adequately protected by the deposit in court, if the question of the plaintiff's right to take the property should be decided favorably to the defendants on the appeal. The trial court should also be considered the best judge of whether the project will be retarded by the fact that the [condemner] does not have possession of the property pending the appeal." On authority of the case just cited, and in light of our decision of the appeal on its merits, the temporary stay heretofore granted is vacated forthwith. The judgment appealed from is affirmed; the petition for a writ of supersedeas is denied.

Burke, P. J., and Jefferson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 26, 1964.