[No. 3,957.]

# TEMPLETON *v.* THE DISTRICT COURT OF THE TWELFTH JUDICIAL DISTRICT.

INCIDENTAL ORDERS—EMINENT DOMAIN.—The general rule that an order incidental to proceedings in Court, and interlocutory in its character, may, during the pendency of the proceedings, be modified or vacated altogether, as the circumstances appearing from time to time may seem to the Court to require, applies to proceedings taken in the exercise of the power of eminent domain.

CERTIORARI to the District Court of the Twelfth Judicial District. The facts are stated in the opinion.

*Campbell, Fox & Campbell,* for Relator.

*Williams & Thornton,* for Respondent.

By the COURT:

Templeton and Ames, having commenced proceedings in the District Court of the Twelfth Judicial District, in and for San Mateo County, to acquire the right to appropriate for the public use certain lands of Clark and Coburn, pursuant to the provisions of Title VII of the Code of Civil Procedure, and the summons having been served on Coburn, one of the owners of these lands, the District Court, on the twenty-sixth day of May last, pursuant to the provisions of Section 1,254 of the Code of Civil Procedure, entered an order authorizing Templeton and Ames to take possession of and use the lands during the pendency of the proceedings, and until their conclusion. On the thirteenth day of September following, the District Court, on the application of Coburn, supported by his affidavit, entered an order setting aside the said order of May 26th, and directing that all proceedings under said order be stayed. Upon the entry of this last order in the District Court, the proceedings were brought into this Court by a writ of certiorari, and the only question made is, whether the last order was in excess of the jurisdiction of the Court.

We think that the authority of the Court to set aside the

order of May 26th is as clear as was its authority to enter it in the first instance. The order of May 26th was incidental to the proceedings, and interlocutory in its character, and, during the pendency of the proceedings, was subject to be modified or vacated altogether by the Court, as the circumstances from time to time appearing might seem to require. This is the general rule as to such orders entered in the progress of a cause in court, and we know of no principle of law which excepts proceedings taken in the exercise of the power of eminent domain from the operation of the general rule in this respect.

The writ must, therefore, be dismissed, and it is so ordered.