[S. F. No. 3286.  In Bank.—November 8, 1902.]

IGNATZ STEINHART, Petitioner, v. SUPERIOR COURT OF MENDOCINO COUNTY, Respondent.

Eminent Domain—Constitutional Law—Taking Possession Pending Suit—Compensation not First Paid—Invalid Provision of Code.—Under the constitution of 1879, providing that ''private property shall not be taken or damaged for public use without just compensation having been first made and paid into court for the owner,'' the legislature cannot authorize the occupation of the land sought to be condemned pending the proceeding without first requiring compensation to be paid therefor, which may be received by the defendant; and section 1254 of the Code of Civil Procedure is unconstitutional in so far as it provides to the contrary.

Id.—Federal Constitution—Fourteenth Amendment—Limitations upon State Legislature.—The provisions of the state constitution of 1879 with regard to compensation for private property are not in conflict with the fourteenth amendment to the federal constitution; but are mere limitations upon the power of the state legislature. But construing the state constitution with the fourteenth amendment, the legislature must apply the conditions of the state constitution not merely to corporations, but also to all other persons exercising the power of eminent domain.

WRIT OF PROHIBITION to the Superior Court of Mendocino County.  J. M. Mannon, Judge.

The facts are stated in the opinion of the court.

Sullivan & Sullivan, E. A. Bridgford, and Jesse W. Lilienthal, for Petitioner.

Seawell & Pemberton, and Morrison & Cope, for Respondent.

TEMPLE, J.—This is an application for a writ of prohibition to prevent the respondent from making an order in a condemnation suit for a right of way, at the instance and for the Albion Southeastern Railway Company, a corporation, putting such corporation in possession of certain lands of petitioner during the pendency of the proceeding and before the value of the land sought to be taken has been ascertained.

The order is sought pursuant to section 1254 of the Code of Civil Procedure, and waiving some question as to whether

the land sought to be condemned is sufficiently described in the petition, it may be assumed that the code provisions have been followed. The main question is whether the section authorizing the court to make an order that such plaintiff may "take possession of and use the land and premises sought to be condemned, during the pendency and until the final conclusion of the proceedings brought to condemn," is constitutional.

To obtain such order the plaintiff must pay into court, "or give security for the payment thereof, to be approved by the judge of such court," sufficient money to compensate the defendant, in case the land is finally taken, or for damages, if for any reason the land be not taken. The defendant may apply to the court for the money, but a payment is deemed an abandonment of all defenses except the claim for greater compensation. In the nature of things, this provision for payment cannot apply to the claim of a defendant for unliquidated damages for the value of the use of the land and damages thereto, if the land be not finally taken. As to such claim, the money is not paid into court for the defendant, but as security only. It is further provided that the deposit shall be at the risk of plaintiff until the court finally awards the money to the defendant, and the clerk and his sureties shall be liable therefor.

In the former constitution the entire provision upon this subject was in these words: "Nor shall private property be taken for public use without just compensation." In 1861 an act was passed which contained provisions somewhat similar to section 1254 of the Code of Civil Procedure. In 1865 the Western Pacific Railroad Company commenced proceedings under the statute to condemn lands for a right of way through lands owned by Bernard C. Fox. At the commencement of the proceeding the railroad company filed a bond, as required by the act, and obtained an order authorizing it to take possession and to continue in possession pending the proceeding. It took possession and made the usual excavations and fills upon the land. The proceeding was carried to a conclusion and final judgment of condemnation entered. But before final judgment a suit was commenced against the railroad company for damages. The defendant justified under the order permitting it to take and hold possession.

On appeal an elaborate opinion was handed down by San-
derson, J., and another by Sawyer, J.  Several previous cases
are summarily disposed of in the opinion.  For instance, in
*San Francisco* v. *Scott,* 4 Cal. 114, the court held that com-
pensation must be made before the citizen can be divested of
his rights.  "It is not sufficient that the law points out the
mode by which damage may be ascertained, and provides the
party with a remedy to enforce his right.  No such obliga-
tion can be imposed upon him.  He is entitled to the damages
which he has sustained without resorting to a legal tribunal
to enforce payment."  This, it is said, means only that the
damages must be paid before title will pass.  Of course, it
will be convenient for the person seeking to condemn to post-
pone that time indefinitely, if in the mean time he can have
the use of the property.

These propositions seem to be advanced and maintained in
that case.

1. The constitution does not require payment before the
taking, but only that it should be provided and made certain
without unreasonable delay or expense to the property-owner.

2. The court may, on the terms of the statute, authorize the
party seeking to condemn to take immediate possession and to
use the property pending the proceeding, and such possession
does not constitute a taking within the meaning of the consti-
tution, and conversely title will not pass until payment is
made.

As far as the present inquiry is concerned, the most im-
portant proposition is, that taking possession and using the
property during the pendency of the proceeding is not a tak-
ing, within the meaning of the constitution.  There was much
more plausibility in the contention that, as the constitution
then was, compensation need not be actually paid in advance.

The more important proposition was overruled in *Davis*
v. *San Lorenzo R. R. Co.,* 47 Cal. 517.  The court uses the
following language: "The occupation of land by a corpora-
tion, for its own purposes, pending the proceedings for con-
demnation, is a taking of the property within the meaning of
the constitution, and that, as the bond does not cover such
taking, the section of the statute under consideration is void."

A lengthy opinion was rendered by Mr. Justice Crockett,
and the case of *Fox* v. *Western Pac. R. R. Co.,* 31 Cal. 538,
CXXXVII. Cal.—37

is referred to and confessedly modified. The same doctrine was declared in *San Mateo Water Works* v. *Sharpstein,* 50 Cal. 284; *Sanborn* v. *Belden,* 51 Cal. 266; *Vilhac* v. *Stockton etc. R. R. Co.,* 53 Cal. 208.

At the time the present constitution was adopted (in 1879), the law as declared by the supreme court was as follows: The possession and use in terms authorized by the statute, before compensation had been made and while the proceeding was pending, is a taking within the meaning of the constitution, but the requirement of the former constitution, which only provided that private property should not be taken for public use without just compensation, was satisfied by a provision which insured the payment on reasonable terms as to delay and difficulty in the enforcement of the right. Viewed in the light of these facts, the change made in the language by the new constitution becomes significant. The following italicized words were added, and no other change was made in the general provision: "Private property shall not be taken *or damaged* for public use without just compensation *having been first made to or paid into court for the owner.*"

The purpose of the amendment is perfectly obvious. If the preliminary possession during the pendency of the proceeding is a taking within the meaning of the constitution, it cannot be authorized until the damage resulting therefrom has been judicially determined and the amount has been paid or tendered to the owner.

This matter was discussed in the case of *Coburn* v. *Townsend,* 103 Cal. 233, by Mr. Justice McFarland, who came to the conclusion here reached, but he secured only a limited concurrence.

The case of *Spring Valley Water Works* v. *Drinkhouse,* 95 Cal. 220, is relied upon as authority for the proposition that section 1254 of the Code of Civil Procedure is valid and in accordance with the constitution. That case really involved the use of the discretion of the court under section 957 of the Code of Civil Procedure. The remarks made, however, may be considered as favorable to respondent here. Perhaps there it is true the money was paid into court *for the owner.* The amount had been determined by a valid judgment, which had been fully executed by paying the money into court for the defendant, and plaintiff had been put into possession under the judgment. Afterwards it was reversed on appeal.

I do not agree to the proposition that compensation is made to the owner by paying into court a sum of money before the damage has been judicially determined and when the property-owner cannot take the money. Surely he is not compensated until he may take the money. It is not paid into court *for him* until he can take it. In the Spring Valley case he might have taken; here he could not, and therefore compensation in such a case is not *first* made. But this case comes within the purview of the second clause of section 14 of article I of the constitution. It is to condemn a right of way which cannot be appropriated until full compensation therefor be made in money or ascertained and paid into court for the owner, and this compensation must be ascertained by a jury, unless a jury is waived as in other cases. These requirements have not been complied with, and could not be. To hold that possession of land may be given to a person seeking to acquire a right of way by condemnation, during the pendency of the proceeding and before the amount of compensation has been determined and paid to the owner or into court for him, would be to hold that this so-called temporary possession is not a taking of private property for a public use. But both on authority and reason it is so.

These provisions are not in conflict with the fourteenth amendment of the federal constitution. All these provisions are but limitations upon the power of the legislature. They do not require the passage of any laws upon the subject, but state the conditions upon which the legislature may authorize the taking of private property for public use. If capable of two constructions, one of which would cause a conflict with the federal constitution, the other must be adopted. Construed with the fourteenth amendment, it would seem that the condition which the constitution expressly imposes upon the legislature in granting the right to private corporations to acquire a right of way under the power of eminent domain must apply to all other persons.

Wherefore, it is considered now here that the said court and the Honorable J. M. Mannon, judge thereof, be restrained and prohibited from making said, or any order, authorizing said corporation to take possession or to use said land, or any of it, during the pendency of the proceeding to condemn and acquire a right in and over the same, or any part thereof,

until final judgment shall be rendered in said proceeding and the legal title to said right and easement shall pass, as provided in the statute.

Harrison, J., Van Dyke, J., and Beatty, C. J., concurred.