[Sac. No. 1536. In Bank.—May 15, 1907.]

# LOUISE R. HEILBRON, Petitioner, v. SUPERIOR COURT OF THE COUNTY OF SACRAMENTO, Respondent.

EMINENT DOMAIN—POSSESSION PENDING APPEAL BY DEFENDANT—DEPOSIT FOR DAMAGES FOR TEMPORARY USE.—In an action of eminent domain, after a trial is had and judgment has passed for the plaintiff, the damages for the value of the land to be taken and for the injury which would result to the remaining land of the defendant being assessed by a jury, the plaintiff has the right, under section 1254 of the Code of Civil Procedure, pending a motion by the defendant for a new trial and an appeal from the judgment, to be put into possession of the land, upon paying into court for the defendant the full amount of the judgment and such further sum as may be required by the court as a fund to pay any further damages and costs that may be recovered in the proceeding, as well as all damages that may be sustained by the defendant, if for any cause the property shall not be finally taken for public use.

ID.—CONSTITUTIONAL LAW—PRE-ASCERTAINMENT OF DAMAGES BY JURY.—The provisions of section 1254 of the Code of Civil Procedure, authorizing the plaintiff to be so put into possession of the land, are not in conflict with section 14 of article I of the constitution, declaring that no right of way shall be appropriated to the use of any corporation other than municipal, until full compensation therefor be first made in money or ascertained and paid into court for the owner, which compensation shall be ascertained by a jury, unless a jury be waived, as in other civil cases. That constitutional provision does not contemplate a pre-ascertainment and award by a jury to cover "all damages that may be sustained by the defendant, if, for any cause, the property shall not be finally taken for public use."

ID.—COURT HAS POWER TO FIX DAMAGES FOR TEMPORARY USE—CONDITION TO RIGHT OF APPEAL.—The fund to secure damages caused by the plaintiff's temporary use, if the property be not finally taken, having been paid into court as security for such damages, it follows that it cannot be withdrawn until such damages are paid, and that the court having custody of the fund must have jurisdiction and power, after the temporary use has ceased, to ascertain the amount of the damage caused thereby and direct its payment out of the fund. This power is necessarily implied, though not expressly stated in the code. The owner is therefore not deprived of his property nor is he damaged without compensation in a legal sense. The right to have this damage for such temporary use pre-assessed by a jury is an impossibility not secured by the constitution. It is a damage which the owner has himself occasioned by his refusal to accept the award of the jury, to which he had the

constitutional right, and by resorting to an appeal, which the constitutional guaranty contained in section 14 of article I does not give him. This right of appeal is given by the statute, which annexes to the right the condition that for damages arising from the occupancy of plaintiff during its pendency, if the land is not finally taken, the owner must accept the preliminary award of the court. This condition was annexed to the right of appeal at the time when the constitutional amendment of 1904, implying a right of appeal, was adopted, and this constitutional right is to be construed as a mere affirmance or reference to the statutory right of appeal then existing with all its attending conditions.

APPLICATION for a Writ of Prohibition directed to the Superior Court of Sacramento County. Peter J. Shields, Judge.

The facts are stated in the opinion of the court.

A. L. Shinn, and A. M. Seymour, for Petitioner.

Devlin & Devlin, for Respondent.

THE COURT.—The Sacramento Southern Railroad, a corporation, commenced proceedings against petitioner, to condemn a strip of land for railroad purposes. Trial was had, judgment passed for plaintiff, the damages for the value of the land to be taken and for the injury which would result to the remaining lands of defendant being assessed by a jury. Defendant then gave notice of intention to move for a new trial, and at the same time perfected her appeal from the judgment, which appeal is still pending. Plaintiff deposited in the superior court the amount fixed by the judgment and gave notice that it would move for an order authorizing it to take possession of the land upon paying into court such further sum as should be fixed by the court "as a fund to pay any further damages and costs that may be recovered in said proceeding, as well as all damages that may be sustained by the defendant, if, for any cause, the property shall not be finally taken for public use." This motion coming on for hearing, objection was made that the court had no jurisdiction to entertain the same. The court overruled this objection, and petitioner herein (defendant in the condemnation proceeding) made application to this court for a

peremptory writ of prohibition, alleging that the superior court will, unless restrained, make its order authorizing plaintiff in the condemnation proceedings to take possession of her lands.

The motion of plaintiff in condemnation is wholly within the letter and spirit of section 1254 of the Code of Civil Procedure, which provides that the superior court may issue a writ of possession to plaintiff "At any time after trial and judgment entered or pending an appeal from the judgment to the supreme court, whenever the plaintiff shall have paid into court, for the defendant, the full amount of the judgment, and such further sum as may be required by the court as a fund to pay any further damages and costs that may be recovered in said proceeding, as well as all damages that may be sustained by the defendant, if, for any cause, the property shall not be finally taken for public use." The section further provides for the reception of the money by defendant, and that such reception shall constitute an abandonment of all defenses to the action or proceeding, "except as to the amount of damages that he may be entitled to in the event that a new trial shall be granted." It is also provided that "In ascertaining the amount to be paid into court, the court shall take care that the same be sufficient and adequate." Provision is then made that the integrity of the fund shall be maintained, and that any loss or diminution of it shall be immediately made good by plaintiff. Other provisions are added, all to the end of safeguarding the defendant's interest in the moneys so deposited.

Petitioner attacks this section as unconstitutional. The line of argument is that section 14 of article I of the constitution declares that no right of way shall be appropriated to the use of any corporation other than municipal, until full compensation therefor be first made in money, or ascertained and paid into court for the owner, which compensation shall be ascertained by a jury, unless a jury be waived, as in other civil cases; that this provision clearly contemplates a *pre-ascertainment and award* before the property of the owner can be taken; that an entry into possession under section 1254 is a taking, within the meaning of the constitution, and that, notwithstanding the carefully devised provisions of the section, whereby an amount of money sufficient and adequate

CLI Cal.—18

shall be paid into court by order of court to cover "all damages that may be sustained by the defendant, if, for any cause, the property shall not be finally taken for public use"; this sum of money is not a pre-ascertainment by a jury of the amount of such damage, and consequently in so far as section 1254 authorizes such a writ of possession, without pre-ascertainment in the manner guaranteed by the constitution for the compensation to the owner therefor, if the land be not finally taken, it is in plain defiance of both the letter and spirit of the constitutional provision.

Many of petitioner's propositions may be at once conceded. The entry by plaintiff into possession of the property under the indicated circumstances is unquestionably the taking of private property for a public use, and may result in damage to that property—probably in all cases will result in detriment and damage to the property if the plaintiff should subsequently abandon its possession. There is, first, the detriment caused to the owner by its loss of possession, and in addition the abandoned structures and works which plaintiff shall have put upon the property may be of injury to the owner when possession reverts to her. Also it may be at once conceded that there has been no exact pre-ascertainment of the amount of such damage, and no ascertainment at all by a jury. So, finally, it may be declared that if the constitution does require the pre-ascertainment of such merely possible damage, and that that pre-ascertainment shall be made by a jury, unless a jury be waived,—that there shall be, in short, a jury finding of the exact amount of injury in terms of money which would result to the defendant, in the event that at some indefinite time the plaintiff should abandon its possession and its works, or for other cause the land be not finally taken, it will be conceded at once that petitioner's argument is unanswerable. She does not, however, carry it far enough. By irresistible and irrefutable logic, if this pre-ascertainment and payment into court of the amount of damage by a jury is necessary in the one instance, it is necessary in every instance. Therefore, if on trial of the suit in condemnation, judgment fixing the amount of damage be awarded and plaintiff pay this amount into court, and defendant then appeal, it can never be said that a new trial as to the amount of damage may not be ordered, and that a

subsequent trial may not result in increasing defendant's award. There will never then have been an exact pre-ascertainment by a jury of the amount of damage which the defendant sustains for the general taking of the land, until such time as the jury's award shall have been finally confirmed by the court of last resort. And it must necessarily result from petitioner's argument, carried to its logical conclusion, that in no conceivable instance can a plaintiff in condemnation have a right of entry upon the condemned property until the end of the litigation has come, with a final affirmance by the court of last resort of the amount of the jury's award. This, of course, is not the meaning of the constitution, which, from its very reading, as well as from the construction which has been given to its language by this court, contemplates that such right of entry vests in plaintiff after an award by the jury of the amount of damage which the defendant will sustain by the taking of his property, whether that amount in the ultimate outcome of the litigation shall prove to be the true amount, or whether, as the result of appeals and new trials, the amount shall be finally determined to be more or less. The constitutional provision is framed to accomplish this result, and unquestionably section 1254 of the Code of Civil Procedure has been carefully devised and drawn to further and effectuate the constitutional intent. It was so decided in *Spring Valley Water Co.* v. *Drinkhouse,* 95 Cal. 220, [30 Pac. 218], where section 1254 of the Code of Civil Procedure, which was then in all substantial, particulars the same as now, was considered and its constitutionality upheld. It is there said, discussing section 1254 of the Code of Civil Procedure: ''This section is not violative of any provision of the constitution, but directly in line with that instrument wherein it treats of such matters. Section 14 of article I provides 'Private property shall not be taken or damaged for public use without just compensation having been first made to, or paid into court for the owner.' It would seem that the framers of both the constitution and the statute had in view the delays incident to condemnation proceedings, and the necessity in many cases of allowing the property to be taken and used for a public use during the progress of the litigation, provided an adequate fund to fully reimburse the land owner was first paid into court.''

But, returning to the specific objection here advanced,—namely, that the constitutional right to the verdict of a jury is violated by a provision which allows the court, and not a jury, to estimate the damages that may be sustained by the defendant if, for any cause, the property shall not finally be taken for public use,—the first answer is that there can be, from the nature of the thing itself, no exact pre-ascertainment of damage which has not been incurred, and which may never result. The whole matter rests upon contingencies which may never arise, upon the chance of happenings which may never take place. Damage is but the measure in money for a detriment which has occurred in the past, and which may *with certainty* be said will occur in the future. (Civ. Code, sec. 3283.) It would challenge the astuteness of the most learned court to lay down any rule of damage for the pre-ascertainment of an injury which may never happen at all, and the time of whose occurrence, if it does happen, not only can never be foretold, but rests equally in the will of either party to the litigation. Thus, the plaintiff might abandon the day after he took possession, when certainly the injury to the defendant in deprivation for the use of his property would not be as great as though the plaintiff had remained for a long period of time in possession, had disturbed the freehold and erected structures, valuable enough for the intended purpose, but of no value, but rather of positive injury, to the uses of the freehold as designed by the original owner. . The measure of damage under such circumstances would be proportioned to the length of time of occupancy and to the character of the disturbance of the freehold. Upon the other hand, the original owner may any day change his mind, dismiss his proceedings, and accept the award which has been paid into court. Whatever may have been the preceding damage because of the entry of the plaintiff, it would end with his acquiescence. Assume, again, that for this pre-ascertainment of damage which may never arise at all, since plaintiff may never abandon, a jury has been impaneled, and, under instructions from the court, the nature of which we admit our inability to outline, makes an award for the prospective damages which it is supposed the defendant will suffer, should the plaintiff at some indefinite and indeterminate time abandon his possession—if this amount of

money, so fixed by the jury, be damages, as by petitioner it is contended that it is, then there must rest with the petitioner the right of immediate acceptance, and with what result? That plaintiff would be obliged to pay a sum of money as so-called damages for an injury which he never committed, for a deprivation of the use of property to which he had a right, and which right he had never abandoned. The law does not exact impossibilities, and it must be very apparent that if this sum of money, so to be estimated and deposited with the court, is strictly damages for an injury which has not and may never have been committed, then it is incapable of exact pre-estimation. In truth, it is not damages at all, and cannot be in strictness damages, since no injury has arisen. It is a fund of money secured to the owner of the property, out of which he may make a judgment subsequently to be fixed by a jury, in case injury by abandonment is inflicted upon him. As it is not an injury which has resulted, and as, moreover, it is not an injury which ever may result, there is no constitutional injunction requiring the impossible condition of its pre-ascertainment.

Moreover, upon the trial of the condemnation proceeding the jury does give an award which covers both the value of the property to be taken, and the injury which will result to the owner's land by reason of its severance and of the public uses to which it may be put. As the whole necessarily includes the parts, and as the detriment caused by the permanent taking of this land must certainly be greater than the detriment caused by its temporary use, we have in the award of the jury in the condemnation proceeding a fund of money which, as it is sufficient to pay all loss to the owner by reason of the permanent taking, is certainly sufficient to pay the minor loss caused by the temporary taking. In this very fund, therefore, we have the award of a jury upon the matter of damage for temporary detention. True, its amount is not specifically segregated, but, as has been said and shown, it is an absolute judicial impossibility to specify any amount in advance of the occurrence of the injury. It will be noted that section 1254 is extremely careful in safeguarding the rights of the landowner. It requires the payment into court not only of the full amount of the judgment, but also of such further damages and costs as may be recovered in the pro-

ceeding. The costs, of course, are a minor matter and capable of reasonably exact ascertainment. The damages here contemplated are the enhanced damages which the defendant may recover under reversal and order for new trial. Those damages, however, can never be more than what he pleads his loss will be, so that he may be amply protected in this regard by the deposit of all which he claims is necessary to cover his prospective loss. In that sum is clearly contained the lesser loss which may result to him in case of entry by plaintiff and his subsequent abandonment. The constitution merely guarantees that there shall be ascertained and paid into court before plaintiff's right of entry attaches, the amount of the judgment, and this, notwithstanding that that judgment may be reversed and that the defendant may ultimately obtain a verdict for a much larger amount of money. We can see no constitutional objection, and none has been pointed out to us, which would invalidate a statute which confers upon a defendant in condemnation proceedings even greater rights, and even greater security for his recovery, than that which the constitution itself awards him.

The proposition here presented, it will be seen at a glance, is entirely different from that considered in *Steinhart* v. *Superior Court*, 137 Cal. 575, [92 Am. St. Rep. 183, 70 Pac. 629]. The code section which the court was called upon to consider in the Steinhart case provided that the plaintiff might take possession of the land sought to be condemned before the verdict of the jury and the judgment of the court and during the pendency of the action. It was held, as manifestly it must have been held, that this did violence to the constitutional provision that private property should not be taken or damaged for public use without just compensation having been first made to or paid into court. Here this damage has been estimated and has been paid into court, and the damage, for which it is contended there should be a pre-ascertainment, is a damage which has not arisen, which may not arise, which cannot be ascertained in advance, and for which, if it does arise, such estimation, as by any possibility could be made in advance, has been made in the judgment and award of the jury.

Summing up upon the matter: The fund to secure damages caused by temporary use, if the property be not finally

taken, having been paid into court as security for such damages, it follows that it cannot be withdrawn until such damages are paid, and that the court having custody of the fund must have jurisdiction and power, after the temporary use has ceased, to ascertain the amount of the damages caused thereby and direct its payment out of the fund. This power is necessarily implied, though not expressly stated in the code. The owner is therefore not deprived of his property, nor is he damaged without compensation, in a legal sense. The right to have this damage for such temporary use pre-assessed by a jury, as we have said, is an impossibility not secured by the constitution. It is a damage which the owner has himself occasioned by his refusal to accept the award of the jury, to which he had the constitutional right, and by resorting to an appeal, which the constitutional guaranty contained in section 14 of article I does not give him. This right of appeal is given by the statute. The statute annexes to the right of appeal the condition that for the damages arising from the occupancy of plaintiff during its pendency, if the land is not finally taken, the owner must accept the preliminary award of the court. This condition was annexed to the right of appeal at the time when the constitutional amendment of 1904, implying a right of appeal, was adopted, and this constitutional right is to be construed as a mere affirmance or reference to the statutory right of appeal then existing with all its attending conditions.

For these reasons the application for a peremptory writ of prohibition is denied.