[S. F. No. 16572. In Bank.—July 30, 1941.]

HOUSING AUTHORITY OF THE CITY OF OAKLAND, CALIFORNIA, Petitioner, v. THE SUPERIOR COURT OF ALAMEDA COUNTY et al., Respondents.

Bernard J. Abrott for Petitioner.

Alfred Nelson for Respondents.

SHENK, J.—Housing Authority of the city of Oakland seeks the writ of mandamus directing the respondent superior court to issue an order for a writ of possession of property sought to be taken in eminent domain proceedings under the Housing Authorities Law (Stats. Ex. Sess. 1938, p. 9, as amended).

The petition shows that a proceeding in condemnation to acquire the land and improvements owned by Nick and Mary Simin located in the city of Oakland is pending in the respondent court. On September 13, 1940, a jury fixed the value of the property at $3950 and judgment of condemnation was entered requiring the payment thereof by the condemnor. The petitioner deposited in court the amount of the award and costs. Nick and Mary Simin took an appeal from the final judgment of condemnation. ' Thereupon, on December 2, 1940, the petitioner applied to the respondent court for an order to be let into possession of the premises pending the appeal. The court, after hearing, denied the application, and this proceeding followed.

The petitioner alleges that contracts for the construction of the public housing project have been entered into and involve an expenditure of more than a million dollars; that construction commenced on December 2, 1940; that the real property owned by Nick and Mary Simin is located on the proposed site of the improvement, and that unless the petitioner is placed in immediate possession of the property work on the improvement will be retarded.

The respondent filed an answer alleging that the property sought to be taken consists of a lot 37½ by 120 feet, improved by a residence measuring 28 by 58 feet, which is and has been for many years occupied by the Simins and their daughter; that the house consists of five rooms, porch and basement, is unusually well constructed, recently painted and in excellent repair, and that the balance of the lot is covered with well kept gardens, lawn and cement sidewalks; that the purpose of the defendants' appeal in the condemnation proceeding is not to contest the amount of the jury's award, but that the principal issue on the appeal is the question of the necessity for the use of said property in the contemplated project and the petitioner's right to condemn the property; that one of the grounds of the appeal is that there was no evidence that any part of the property, which lies on the outskirts of the contemplated project and would represent less than one per cent of the area of the project, was needed as a part thereof; that the condemnees greatly desire to retain their property as a permanent dwelling.

It is also shown that at the time the answer was filed less than one tenth of the entire area was occupied by buildings

in the course of the construction of the project, and that a much smaller proportion was so occupied at the time the order was made denying the application of the Authority to be put into possession; and that no building in said area has been completed.

It is further alleged in the answer that no part of the money deposited in court by the petitioner has been taken or received by the appellants.

No question is raised with reference to the petitioner's right to exercise the power of eminent domain under the Housing Authorities Law, the constitutionality of which was upheld in *Housing Authority of Los Angeles* v. *Dockweiler*, 14 Cal. (2d) 437 [94 Pac. (2d) 794]. Section 12 of the act provides that an authority may exercise the power pursuant to the provisions of the Code of Civil Procedure.

The petitioner contends that the respondent court is required by the provisions of section 1257 of the Code of Civil Procedure to grant the application for possession of the property condemned where the condemnor has complied with all of its provisions and of the provisions of section 1254 of the same code.

Section 1257 of the Code of Civil Procedure is included in Title VII on the subject of Eminent Domain. It provides that the provisions of Part two of the Code of Civil Procedure relating to new trials and appeals shall apply where not inconsistent, provided that upon the execution of a bond to build the fences and cattle guards, as provided in section 1251 "the plaintiff shall be entitled to enter into, improve and hold possession of the property . . . as provided in section 1254 . . . ; and no motion for new trial or appeal shall, after such payment and filing of such bond as aforesaid, in any manner retard the contemplated improvement."

Section 1254 of the Code of Civil Procedure reads in part: "At any time after trial and judgment entered or pending an appeal from the judgment to the supreme court, whenever the plaintiff shall have paid into court, for the defendant, the full amount of the judgment, and such further sum as may be required by the court as a fund to pay any further damages and costs that may be recovered in said proceeding, as well as all damages that may be sustained by the defendant, if, for any cause, the property shall not be finally taken for public use, the superior court in which the proceeding was tried may, upon notice of not less than ten days, authorize the

plaintiff, if already in possession, to continue therein, and if not, then to take possession of and use the property during the pendency of and until the final conclusion of the litigation, and may, if necessary, stay all actions and proceedings against the plaintiff on account thereof.'' The section also provides that the defendant may apply for and receive the money deposited in court, and that payment to the defendant shall constitute a waiver and abandonment by him of all the defenses except his claim for greater compensation.

It is the theory of the petitioner that, although the language of section 1254 appears to be permissive and to vest discretion in the court, the language of section 1257 is mandatory and requires the court to place the petitioner in immediate possession of the Simin property upon a showing by the plaintiff of compliance with the statutory provisions.

There is no necessity here for holding, as contended by the respondent, that since section 1251 makes special reference to highway and railroad improvements, section 1257 applies only to such improvements. It is sufficient to note, in disposing of the contentions of the petitioner, that by the provisions of section 1257 the condemnor is entitled to enter and hold possession of the property ''as provided in section twelve hundred and fifty-four,'' and that the latter section vests a discretionary power in the court, after notice and hearing, to grant possession pending final adjudication. It may be assumed that it would be an abuse of discretion to deny application for immediate possession in certain cases, such as in the case of a highway or railroad improvement where there has been compliance with the conditions of sections 1251 and 1257. But it is clear that by reason of the language of said section 1254—the use of the permissive ''may'' and the requirement for notice and hearing—the legislature intended to vest discretion in the court to grant or deny the application in proper cases. (*Templeton* v. *District Court*, 47 Cal. 70; *Spring Valley Water Works* v. *Drinkhouse*, 95 Cal. 220 [30 Pac. 218]; *People ex rel. Aspen etc. Co.* v. *District Court*, 11 Colo. 147 [17 Pac. 298], citing *Templeton* v. *District Court*, *supra*.) The section has been held to be constitutional. (*Heilbron* v. *Superior Court*, 151 Cal. 271 [90 Pac. 706].)

 It may also be assumed that it would be an abuse of discretion for the court to deny the plaintiff's application for immediate possession pending appeal by the defendants, if

the only question on the appeal were the amount of the damages to be received by the defendants. But in a case such as is here presented, where the defendants in apparent good faith have raised the question of the right of the plaintiff to take the particular property, we cannot conclude that the court has abused its discretion in denying the application for immediate possession. The petitioner does not allege that the only question on the appeal is that of the amount of damages. On the other hand the respondent affirmatively avers that the appeal by the defendants in the condemnation proceeding raises the question of the right of the plaintiff in any event to take the defendants' property for the contemplated housing project, and alleges facts indicating that the necessity for such use or taking is questionable. Under such circumstances the court to which the application for possession is addressed must be deemed to be in the best position to judge in the first instance whether the defendants would be adequately protected by the deposit in court, if the question of the plaintiff's right to take the property should be decided favorably to the defendants on the appeal. The trial court should also be considered the best judge of whether the project will be retarded by the fact that the Authority does not have possession of the property pending the appeal. It does not appear that any persons other than the defendants have contested the necessity for the taking of their property, nor has the petitioner alleged any facts from which a conclusion may be drawn that progress on the project will be retarded by the defendants' appeal if immediate possession of the defendants' property is not granted to it. In fact, the petitioner does not contend that if the statute confers discretion upon the trial court, the circumstances here presented would show any abuse thereof.

The peremptory writ is denied and the alternative writ is discharged.

Gibson, C. J., Curtis, J., Edmonds, J., Carter, J., Traynor, J., and Spence, J., *pro tem.*, concurred.