[Civ. No. 13827. Third Dist. July 6, 1973.]

PACIFIC GAS AND ELECTRIC CO., Petitioner, v.
THE SUPERIOR COURT OF SAN JOAQUIN COUNTY et al.,
Respondents;
ALVINE L. WALLACE et al., Real Parties in Interest.

## COUNSEL

Frederick T. Searls, Charles T. Van Deusen, Charles W. Thissell, Dan G. Lubbock and Neumiller, Beardslee, Siegert, Glahn, Shephard & Greene for Petitioner.

No appearance for Respondent.

Rogers, Vizzard & Tallett, Albert E. Cronin, Jr., and John D. Rogers for Real Parties in Interest.

## OPINION

**RICHARDSON, P. J.**—Petitioner, plaintiff in an action for eminent domain, seeks a writ of mandamus directing respondent superior court to grant its application for an order authorizing immediate possession of the subject properties pending the conclusion of the parties' appeals from the judgment of the trial court. The subject property comprises eight parcels of real estate in San Joaquin County, consisting of ranches and recreational property near Lake Comanche and the Town of Clements. An eight-mile strip of land running across the subject property was taken for towers carrying high-voltage transmission lines to be energized by a nuclear power plant in southern Sacramento County.

Petitioner contends:

(1) Section 1254 of the Code of Civil Procedure imposes on the trial court the mandatory duty to grant such an order authorizing immediate possession pending appeal upon proper application and compliance with the requirements of the section in question; and

(2) Assuming such duty is discretionary, respondent court abused its discretion in denying the application in the matter before us.

Real parties in interest, the group of property owners subject to the condemnation, assert that to construe and apply section 1254 as mandatory would be unconstitutional in that it would violate their rights to just compensation for property taken by eminent domain.

We will sustain petitioner's first contention and direct the trial court to issue its order authorizing the taking of possession of the subject property by petitioner pending appeal.

## PROCEDURAL POSTURE OF THE CASE

The action was tried by a jury on the issue of damages and by the court on all other issues. The condemnees unsuccessfully challenged petitioner's right to take and asserted that there was a lack of necessity and impropriety in the location of the right of way. The trial court signed a judgment of condemnation on August 31, 1972, in which, upon the payment into court of a specified sum for each property owner, an easement "is hereby condemned." The judgment further recited that the payment was in full settlement for all damages, the use was "a public use," and the taking was "necessary."

On October 17, the trial judge denied petitioner's noticed motion for orders authorizing possession. The court stated as the reasons for its action that where, as in the matter before us, property owners indicated they intended to challenge on appeal the right of the condemner to take, the provisions of Code of Civil Procedure section 1254 are not mandatory, and the court has the discretion to deny the application for immediate possession thereunder.

An appropriate notice of appeal was timely filed by petitioner challenging the amount of damages, and notice of cross-appeal was then filed by the condemnees, real parties in interest, challenging the sole issue of location. This appeal is now pending before us.

## SECTION 1254: MANDATORY OR DISCRETIONARY

 Primary consideration of the issue herein presented must focus on section 1254 of the Code of Civil Procedure which provides: "(a) In any case in which the plaintiff is not in possession of the property sought to be condemned, the plaintiff may, at any time after trial and judgment entered or pending an appeal from the judgment and after payment into court for the defendant of the full amount of the judgment and such further sum as may be required by the court as a fund to pay any further damages and costs that may be recovered in the proceeding, apply ex parte for an order authorizing it to take possession of and to use the property sought to be condemned.

"(b) If in the judgment the court determined that the plaintiff is entitled to acquire the property by eminent domain and if the court determines that the plaintiff has made the required payment into court, the court shall by order authorize the plaintiff to take possession of and use the property during the pendency of and until the final conclusion of the litigation, . . ."

We address ourselves primarily to subdivision (b) of section 1254 and note that prior to its amendment in 1961, the trial court was vested with discretion either to grant or to deny the order of possession. The Supreme Court in *Housing Authority* v. *Superior Court* (1941) 18 Cal.2d 336, 338-339 [115 P.2d 468], specifically found the then statutory language to vest the court with such a discretionary power.

Real parties in interest rely on *County of Los Angeles* v. *Anthony* (1964) 224 Cal.App.2d 103, 107-108 [36 Cal.Rptr. 308] (hg. den.), wherein the appellate court reviewed an application for a writ of supersedeas to stay an order of immediate possession of the condemned property pending appeal from the judgment. The court while denying application and upholding the trial court's issuance of the order granting possession placed reliance on the Supreme Court's pronouncement in *Housing Authority* v. *Superior Court, supra,* 18 Cal.2d 336. At the time of the *Housing Authority* decision in 1941, section 1254, subdivision (b), in referring to the court's authority, used the permissive verb "may" and further required a notice and hearing, thus inferring judicial discretion to grant or deny an order of immediate possession. Subsequently, by a 1961 amendment, the verb "shall" was substituted for "may" and provision for an ex parte order replaced the noticed motion. Both phases of the 1961 amendment connote, in our view, the legislative intent to substitute a mandatory requirement for discretionary authority. Although in 1964, *County of Los Angeles* v. *Anthony, supra,* adopted the language of *Housing Authority,* it did so without mention of

the change in statutory language effected by the 1961 amendment. The Supreme Court in *Housing Authority* placed clear reliance on the earlier discretionary language of the statute as indicated by the following expression: "But it is clear that by reason of the language of said section 1254— the use of the permissive 'may' and the requirement for notice and hearing —the Legislature intended to vest discretion in the court to grant or deny the application in proper cases." (18 Cal.2d at p. 339.) ■ There is thus invoked the well-settled principle that a decision prior to the enactment of a statute affecting the subject is not a controlling precedent. (*Victory Oil Co.* v. *Hancock Oil Co.,* 125 Cal.App.2d 222, 229 [270 P.2d 604]; 6 Witkin, Cal. Procedure (2d ed. 1971) p. 4602.)

■ Applying the requirements of section 1254, subdivision (b), to the matter before us, we note that appropriate judgments were entered by the trial court as to each of the affected property owners, providing, inter alia, "Upon payment into court for the benefit of . . . of the total sum of . . . an easement for the construction, reconstruction, installation, maintenance and operation of an electric transmission line in, over, along and upon that certain strip of land . . . is hereby condemned to and taken for the use of plaintiff for the purpose of transmitting, distributing and supplying electricity. . . .

" . . . . . . . . . . . . . . . .

"Payment into court of said sum of money as hereinabove specified is in full payment for the easement, right of way and rights so taken, and for all damages of every kind and nature, suffered or to be suffered. . . ."

The final order of condemnation signed by the presiding judge recites that "Judgment of condemnation having been duly entered . . . and it appearing to the satisfaction of the court that the . . . plaintiff has paid the sum awarded by said judgment to defendants . . . and that said judgment has been satisfied of record. . . ."

We deem the foregoing to constitute compliance with the two preconditions to an order of immediate occupancy, namely, a determination by the trial court that plaintiff is "entitled to acquire the property" and that "the plaintiff has made the required payment into court."

We find the present language of section 1254 plain, express, controlling and mandatory.

### SECTION 1254: CONSTITUTIONAL ISSUE

■ Real parties' argument at trial, which apparently was accepted by the trial court, is based upon the rationale of *Steinhart* v. *Superior Court*

(1902) 137 Cal. 575, 578-579 [70 P. 629], to the effect that just compensation is not made to a property owner until such time as he can actually take possession of the money deposited for his property. *Steinhart* involved the prejudgment deposit of money and an order granting possession. The Supreme Court in *Steinhart* issued a writ of prohibition restraining the condemner from taking immediate possession pending judgment in the proceeding. Real parties in interest urge in the matter before us that if they wish to appeal the judgment, they may only withdraw the money deposited by petitioner upon the abandonment of all claims but that of inadequacy of damages upon their appeal. Since they do not intend to argue such inadequacy but instead argue only the issues of necessity and location, they assert they are being deprived of just compensation in that they may not withdraw such sums until conclusion of the appeal. The argument is not new and the answer was given by the Supreme Court in *Heilbron* v. *Superior Court* (1907) 151 Cal. 271, 275, 277-278 [90 P. 706].

The *Heilbron* court, in denying petitioner's application for a writ of prohibition after judgment, distinguished *Steinhart* by holding that *Steinhart* involved a prejudgment possession and deposit situation, and more importantly, pointed out that the constitutional provision providing that property not be taken without just compensation—including possession pending appeal as a taking—was satisfied by the deposit of funds after judgment in the trial court. The fact that statutory limitations or conditions are imposed upon a property owner's ability to withdraw such funds in relation to his exercise of his solely statutory right to appeal, does not operate so as to constitute a denial of just compensation.

We cite pertinent language from *Heilbron* v. *Superior Court, supra* (at p. 275): "And it must necessarily result from petitioner's argument, carried to its logical conclusion, that in no conceivable instance can a plaintiff in condemnation have a right of entry upon the condemned property until the end of the litigation has come, with a final affirmance by the court of last resort of the amount of the jury's award. This, of course, is not the meaning of the constitution, which, from its very reading, as well as from the construction which has been given to its language by this court, contemplates that such right of entry vests in plaintiff after an award by the jury of the amount of damage which the defendant will sustain by the taking of his property, whether that amount in the ultimate outcome of the litigation shall prove to be the true amount, or whether, as the result of appeals and new trials, the amount shall be finally determined to be more or less. The constitutional provision is framed to accomplish this result, and unquestionably section 1254 of the Code of Civil Procedure has been

carefully devised and drawn to further and effectuate the constitutional intent. . . .

" . . . . . . . . . . . . . . . . . . .

" . . . As the whole necessarily includes the parts, and as the detriment caused by the permanent taking of this land must certainly be greater than the detriment caused by its temporary use, we have in the award of the jury in the condemnation proceeding a fund of money which, as it is sufficient to pay all loss to the owner by reason of the permanent taking, is certainly sufficient to pay the minor loss caused by the temporary taking. . . .

"The proposition here presented, it will be seen at a glance, is entirely different from that considered in *Steinhart* v. *Superior Court,* 137 Cal. 575 [92 Am. St. Rep. 183, 70 Pac. 629]. The code section which the court was called upon to consider in the *Steinhart* case provided that the plaintiff might take possession of the land sought to be condemned before the verdict of the jury and the judgment of the court and during the pendency of the action. It was held, as manifestly it must have been held, that this did violence to the constitutional provision that private property should not be taken or damaged for public use without just compensation having been first made to or paid into court. Here this damage has been estimated and has been paid into court, and the damage, for which it is contended there should be a preascertainment, is a damage which has not arisen, which may not arise, which cannot be ascertained in advance, and for which, if it does arise, such estimation, as by any possibility could be made in advance, has been made in the judgment and award of the jury."

Real parties in interest advance a further argument that they are being placed in a position which requires them to give up one constitutional right, the right to just compensation, in order to protect another, the right to take a meaningful appeal. The argument presupposes that the right to appeal is one of constitutional origin. This position has been refuted in *Heilbron* v. *Superior Court, supra,* 151 Cal. at pages 277-279, and has also been answered in the more recent case of *Regents of University of California* v. *Morris* (1968) 266 Cal.App.2d 616, 633-635 [72 Cal.Rptr. 406] (hg. den.). In *Regents,* landowners requested payment of the judgment amount deposited but had eliminated from the application form given them by the clerk that portion which required abandonment of defenses. The clerk refused to accept the application as so modified, and two days later real parties completed and filed an unmodified application. Landowners argued that since under section 1254, subdivision (j), and section 1255b any interest on the sum deposited in accordance with section 1254 accrues

to the condemner until such time as the deposit is withdrawn, and since, in order to appeal any issue other than that of inadequacy of damages (§ 1254, subd. (f)) they may not withdraw the funds deposited, they are, in effect, forced to abandon their right to appeal on any ground save that of damages. Under the circumstances, they contended there can be no voluntary acceptance of the funds deposited and no waiver of other grounds which might have been urged on appeal. The court in *Regents* rejected the claimed analogy to certain criminal cases on the issue of involuntary waiver, indicating that such cases "have no application to a litigant confronted with a choice such as that which is provided by the condemnation statutes in question, especially when the complaining litigant has been advised from the inception of proceedings by counsel." (*Id.* at p. 634.)

The court in *Regents,* continuing to address itself to the contention before us, stated: "It has been held on facts parallel to those at bench that conduct equivalent to that of Morris does not constitute an involuntary acceptance. In *Mt. Shasta Power Corp.* v. *Dennis* (1924) 66 Cal.App. 186 [225 P. 877] the court disposes of the question of voluntary or involuntary payment in a situation in which the condemner paid the judgment under protest and appealed. The court said at pages 190 and 191: 'Appellant contends that its payment of the damages . . . was not voluntary. . . . Plaintiff had the option of paying . . . and taking possession or appealing from the judgment and remaining out of possession. . . . The fact that a party may find it more profitable to comply with a judgment and accept the fruits thereof than to suffer the losses incident to an appeal cannot be said to render such compliance compulsory. . . . In taking the fruits of the judgment under the authority of the statute, the plaintiff could not impose conditions upon defendants' acceptance of the money paid which are not provided by the statute. . . . Its statement, . . . that the . . . [money] was deposited "without prejudice to . . . its right to appeal from said judgment" is of no value in determining the question of its right to appeal, a right which is wholly dependent upon the statute. . . .' " We find the reasoning of the foregoing authorities fully dispositive of the constitutional argument.

### Jurisdiction

The complaint in eminent domain sought to acquire the subject property for an electric transmission line from the Rancho Seco plant of the Sacramento Municipal Utility District to petitioner's substation at Bellota in San Joaquin County. Under section 1243 (Code Civ. Proc.), jurisdiction existed for the condemnation action in the Superior Court of San Joaquin

County. Prior to trial, real parties in interest, for the first time, suggested that the subject transmission line was a part of a proposed longer line, which prospective line would fall within the provisions of General Order No. 131 of the Public Utilities Commission, requiring that the siting of high voltage transmission lines, defined as those over 200 kv, be fully reviewed by it.

Such issue was not raised at trial, counsel expressly and repeatedly assuring the court that it would not be raised, and consequently no evidence was presented on the issue of whether in fact the lines to be run over the subject property were part of the new and as yet unapproved program, and whether or not commission approval was necessary or had been given to the Rancho Seco operation. Neither authority nor argument is advanced by real parties in interest in support of such a contention in connection with the petition before us, and we do not consider it in the light of the record disclosing that at trial the question of jurisdiction was neither raised by counsel nor considered by the court.

### ABUSE OF DISCRETION BY TRIAL COURT

In view of our previous determination that section 1254 imposes upon the trial court a mandatory duty to issue orders authorizing possession of the subject property by petitioner pending appeal, we do not consider the claim of the abuse of discretion.

Let the writ issue directing the trial court to ascertain if any payment additional to that deposited is reasonably necessary for the proper security of the real parties in interest under Code of Civil Procedure sections 1254 and 1255b or whether the deposit heretofore made suffices, and after having made such determination and confirmation of the deposit of any additional amount so required, to issue a writ of immediate possession to petitioner. Real parties in interest to recover their costs in this proceeding.

Friedman, J., and David, J.,* concurred.

A petition for a rehearing was denied August 1, 1973, and the opinion and judgment were modified to read as printed above.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.