Filed 5/19/22  Uzun v. Johnson CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| GUVEN UZUN, | B312119 |
| Judgment Debtor and Appellant, | (Los Angeles County Super. Ct. No. BC536236) |
| v. | |
| RANDY JOHNSON et al, | |
| Judgment Creditors and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County, William Fahey, Judge.  Affirmed.

Berc Agopoglu for Judgment Debtor and Appellant.

Jen Law Firm and Jerry Jen for Judgment Creditors and Respondents.

_____

Judgment creditors Randy Johnson, Playa Capital Company, LLC, and Playa Phase 1 Commercial Land, LLC (collectively, judgment creditors) successfully moved the trial court for an order assigning to them judgment debtor Guven Uzun's rights to payments resulting from two lawsuits to which Uzun was a party, up to an amount to satisfy a judgment against Uzun and in favor of judgment creditors. Uzun appeals from the assignment order, contending the trial court erroneously granted judgment creditors' motion without considering all relevant factors pursuant to Code of Civil Procedure section 708.510, subdivision (c).[1] As explained below, Uzun has not demonstrated error, and we affirm the order.

## BACKGROUND

The appellate record before us does not include documents describing the nature of the underlying dispute or litigation between Uzun and judgment creditors. Nor does the record include the subject judgment against Uzun and in favor of judgment creditors. In his appellate briefing, Uzun acknowledges that on November 22, 2016, the trial court entered a judgment requiring him to pay judgment creditors a principal amount of $148,197.82.

On December 30, 2020, judgment creditors filed a motion under section 708.510 et seq., seeking an order assigning to them Uzun's rights to payments resulting from two lawsuits to which Uzun was a party. As set forth in judgment creditors' motion and the later-issued assignment order, the two lawsuits are styled as: *Uzun v. City of Santa Monica*, case No. 2:20-CV-05756-SB-MAA,

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

filed in the United States District Court for the Central District of California; and *Uzun v. Uzun*, case No. 19STFL10753, a dissolution action filed by Uzun's spouse in Los Angeles County Superior Court. Judgment creditors sought an assignment of rights to payments from these lawsuits in an amount to satisfy the current amount of the judgment, including post-judgment interest, fees, costs, and credits, which amount they claimed was $158,293.44.

In their motion for an assignment order, judgment creditors cited to exhibits attached to their counsel's separately-filed declaration in support of the motion. These exhibits apparently include the subject judgment and documents regarding the two lawsuits to which Uzun was a party and from which judgment creditors sought an assignment of Uzun's rights to payments. Uzun's appellate counsel did not designate judgment creditors' counsel's declaration in support of the motion as part of the appellate record. Thus, the declaration and exhibits are not included in the clerk's transcript on appeal. Judgment creditors note this omission in their respondent's brief on appeal and, in his reply brief on appeal, Uzun does not dispute that the referenced declaration is part of the trial court's record.[2]

---

[2] The Notice of Appeal and Appellant's Notice Designating Record on Appeal that are included in the clerk's transcript on appeal relate to a different case with different parties, not the case before us. On this court's own motion, we take judicial notice of the Notice of Appeal, filed in this case in the trial court on April 20, 2021, and the Appellant's Notice Designating Record on Appeal, filed in this case in the trial court on May 14, 2021, which were served on judgment creditors and transmitted to this court in the normal course of the appeal.

3

In opposition to judgment creditors' motion for an assignment order, Uzun filed a declaration asking the trial court not to assign to judgment creditors his rights to payments resulting from his lawsuit against the City of Santa Monica. As set forth above, the documents regarding this lawsuit that judgment creditors submitted to the trial court in support of their motion are not included in the clerk's transcript on appeal because Uzun's appellate counsel did not designate them for the record. In his declaration, Uzun stated his lawsuit against the City of Santa Monica involved allegations of "excessive force and unlawful arrest," and he was "seeking recovery of past, present and future medical damages based on the injuries [he] suffered." He did not describe the alleged injuries or the circumstances under which they were suffered in his declaration. He asserted: "I will not be gaining income as a result of the money I may receive from the [lawsuit against the City of Santa Monica], because any money I will receive will be to compensate for my physical injuries. I will not be made whole, if this money is taken away from me based on assignment order [*sic*]."

Uzun acknowledged in his declaration in opposition to judgment creditors' motion for an assignment order that the trial court "has broad discretion in determining whether to order an assignment," and the "court may consider all relevant factors" including those enumerated in section 708.510, subdivision (c), such as the "reasonable economic needs of a natural person judgment debtor and those supported partly or wholly by the debtor" (as paraphrased by Uzun in his declaration). Uzun also stated in his declaration: "I lost my medical license in 2017 and am currently unemployed. Due to the covid-19 [*sic*] pandemic, my work prospects have severely declined." He added:

4

"Currently I have four kids[,] no job and my license illegally revoked and no family income to support family and kids [*sic*]." Uzun further stated that his attorney (who is also Uzun's counsel in this appeal) has a lien on proceeds from Uzun's lawsuit against the City of Santa Monica in an undisclosed amount, and as of a date not specified, which counsel confirmed in a one-sentence, signed statement at the bottom of Uzun's declaration.

Uzun did not reference the dissolution action in his declaration, and there is no indication in the record before us that he asked the trial court not to assign to judgment creditors his rights to payments resulting from the dissolution action.

In their reply brief in support of their motion for an assignment order, judgment creditors argued Uzun did not present any evidence "to show that he has no other assets, including multiple medical facilities, ownership in businesses, real property savings, funds, investments, including other means of support, nor whether [his] spouse also has income to support the family." Citing to an exhibit attached to judgment creditors' counsel's declaration (which Uzun did not designate for the appellate record), judgment creditors stated Uzun was claiming $52 million in damages in his lawsuit against the City of Santa Monica, far in excess of the sum he owed judgment creditors and for which judgment creditors were seeking an assignment of his rights to payments. Judgment creditors also noted in their reply brief that Uzun did not oppose an assignment to them of his rights to payments resulting from the dissolution action.

On February 19, 2021, the trial court held a hearing on judgment creditors' motion for an assignment order. According to the minute order from the hearing, both sides appeared, the court gave an oral tentative ruling, and the court heard argument.

5

After considering the parties' papers and oral argument, the court granted judgment creditors' motion. The minute order indicates there was no court reporter at the hearing. The record on appeal does not include an agreed statement under California Rules of Court, rule 8.134 or a settled statement under rule 8.137, describing what occurred at the hearing (e.g., the arguments raised by the parties and the court's response to those arguments, if any).

Also on February 19, 2021, the trial court issued a signed order, granting judgment creditors' motion and assigning to judgment creditors any and all rights to payments to Uzun resulting from the lawsuit against the City of Santa Monica and the dissolution action "to the extent necessary to fully pay and satisfy the judgment." The order provides that such payments will be "applied to the judgment until such time as the judgment herein is fully satisfied, or this order[] is amended by the Court."

## DISCUSSION

In this appeal, Uzun does not challenge the enforceability of the judgment against him and in favor of judgment creditors. In attempting to collect on a judgment, section 708.510, subdivision (a) allows a judgment creditor to file a motion seeking an order requiring "the judgment debtor to assign to the judgment creditor . . . all or part of a right to payment due or to become due, whether or not the right is conditioned on future developments." In "determining whether to order an assignment or the amount of an assignment pursuant to subdivision (a), *the court may take into consideration all relevant factors, including the following*: [¶] (1) The reasonable requirements of a judgment debtor who is a natural person and of persons supported in whole or in part by the judgment debtor. [¶] (2) Payments the

6

judgment debtor is required to make or that are deducted in satisfaction of other judgments and wage assignments, including earnings assignment orders for support.  [¶]  (3) The amount remaining due on the money judgment.  [¶]  (4) The amount being or to be received in satisfaction of the right to payment that may be assigned."  (§ 708.510, subd. (c), italics added.)

As set forth in section 708.510, "Where a specific amount of the payment or payments to be assigned is exempt by another statutory provision, the amount of the payment or payments to be assigned pursuant to subdivision (a) shall not exceed the amount by which the payment or payments exceed the exempt amount."  (§ 708.510, subd. (f).)  The parties here cite section 704.140, which provides in pertinent part, "an award of damages or a settlement arising out of personal injury is exempt to the extent necessary for the support of the judgment debtor and the spouse and dependents of the judgment debtor."  (§ 704.140, subd. (b).)

Uzun acknowledges section 708.510 gives the trial court "broad discretion in determining whether to order an assignment, and in fixing the amount to be assigned."  He contends (1) the trial court abused its discretion because it "failed to consider all relevant factors" pursuant to section 708.510, subdivision (c), and (2) "granted [judgment creditors'] motion without fixing the amount to be assigned."  More specifically, he argues the court failed to consider his employment status and his attorney's lien on proceeds from his lawsuit against the City of Santa of Monica; and the court should have fixed the amount to be assigned to leave him with sufficient payments from the lawsuits (to the extent he prevailed) to support himself and his dependents.

As set forth above, by its express language, section 708.510 does not *require* the trial court to consider specific factors.  The

court "may" (i.e., has discretion to consider) all factors it deems relevant "in determining whether to order an assignment or the amount of an assignment." (§ 708.510, subd. (c); see *Housing Authority of City of Oakland v. Superior Court of Alameda County* (1941) 18 Cal.2d 336, 339 [Legislature's use of "may" in a statute expressed intent to invest discretion in the trial court]; *Brown v. Superior Court* (2004) 116 Cal.App.4th 320, 334 [" 'The ordinary import of "may" is a grant of discretion' "].)

In evaluating whether the trial court abused its discretion, we begin our analysis with the well-settled principle that a " 'judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; accord *Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416.) To prevail on appeal, a party must provide an adequate appellate record demonstrating error. (See *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296.) Where appellant fails to provide an adequate record on appeal, we must presume the judgment [or order] is proper and affirm. (*Gee*, at p. 1416 [" 'if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed' "]; *Estrada v. Ramirez* (1999) 71 Cal.App.4th 618, 620, fn. 1.)

Uzun's declaration in opposition to judgment creditors' motion for an assignment order provides the following information: Uzun "lost" his medical license in 2017, he is unemployed, and his "work prospects have severely declined" due to the pandemic; he has "no family income to support [his] family and kids"; his attorney has a lien on the proceeds from his

8

lawsuit against the City of Santa Monica in an amount not disclosed; and, in the lawsuit against the City of Santa Monica, he is "seeking recovery of past, present and future medical damages based on [alleged undescribed] injuries [he] suffered" under undescribed circumstances. His declaration indicates he is only challenging the assignment of payments from the lawsuit against the City of Santa Monica, and not payments from the dissolution action (although, on appeal, he disregards this forfeiture and purports to challenge the latter as well). The two-page declaration contains the only statements in opposition to the motion in the record before us.

Uzun cannot show the trial court abused its discretion in assigning to judgment creditors any payments to him resulting from the lawsuit against the City of Santa Monica and the dissolution action, up to the amount to satisfy the judgment. There is nothing in the record indicating the trial court declined to consider Uzun's declaration. And the statements in the declaration, by themselves, are insufficient to demonstrate error. Uzun did not set forth in his declaration an amount he would require from such payments to support himself and his family. While he stated in his declaration that he does not have "income" because he is unemployed, he did not state he is without other assets that could be used to support himself and his family. Moreover, he provided insufficient information in his declaration regarding his attorney's lien on proceeds from the lawsuit against the City of Santa of Monica (e.g., amount and date of lien), and no legal authority in his appellate briefing, for us to evaluate his claim the trial court erred.

Moreover, because the record on appeal does not include an agreed statement under California Rules of Court, rule 8.134 or a

9

settled statement under rule 8.137, we do not know what occurred at the hearing on judgment creditors' motion, at which both sides appeared.  (See *Southern California Gas Co. v. Flannery* (2016) 5 Cal.App.5th 476, 483 ["In many cases involving the substantial evidence or abuse of discretion standard of review . . . a reporter's transcript or an agreed or settled statement of the proceedings will be indispens[a]ble"].)  The trial court's minute order states the court considered the parties' oral arguments in ruling on the motion.  Without a record of the information and arguments Uzun presented to the court at the hearing, we cannot determine if the court abused its discretion in failing to consider relevant factors.

Based on the limited information in the record before us, Uzun has not and cannot demonstrate the trial court erred.  Accordingly, we affirm the assignment order.

## DISPOSITION

The order is affirmed.  Respondents are entitled to recover costs on appeal.

NOT TO BE PUBLISHED

CHANEY, J.

We concur:

ROTHSCHILD, P. J.

BENDIX, J.

10